# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al.,<br><br>*Plaintiffs*,<br><br>vs.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>*Defendant*. | **Case No. 1:21-CV-05337-SCJ** |

## STATUS REPORT

After conferring with opposing counsel as well as counsel for the parties in *Georgia State Conference of the NAACP, et al. v. State of Georgia, et al.* ("*NAACP*"), No. 1:21-cv-05338-ELB-SCJ-SDG, *Pendergrass, et al. v. Raffensperger, et al.* ("*Pendergrass*"), No. 1:21-cv-05339-SCJ, and *Common Cause, et al. v. Raffensperger, et al.* ("*Common Cause*"), No. 1:22-cv-00090, Plaintiffs in the above captioned action (the "Alpha Plaintiffs") respectfully submit the following responses to the Court's January 6, 2022 Order (ECF No. 8.).

**Consolidation**

With respect to whether the Court should consolidate the *Alpha Phi Alpha* and/or *Pendergrass* actions with *NAACP* or *Common Cause* under Federal Rule of Civil Procedure 42(a) for the purpose of conducting all proceedings, including discovery and hearings in connection with any requests for preliminary injunctive relief, the Alpha Plaintiffs submit that the Court may not consolidate this case with one before the three-judge court, and should not consolidate this case with any of the other actions for the following reasons:

***First***, the three-judge court convened under 28 U.S.C. § 2284(a) to hear the *NAACP* and *Common Cause* actions lacks jurisdiction over the Alpha Plaintiffs' Voting Rights Act Section 2 claim. *NAACP* and *Common Cause* are "action[s] … challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body," and accordingly must be heard before a "district court of three judges," "convened" to hear such actions. *See* 28 U.S.C. § 2284(a). On the other hand, *Alpha Phi Alpha* involves only a statutory claim, and thus falls outside the three-judge court statute.

"A claim solely alleging a Section 2 violation falls outside a plain reading of § 2284." *Chestnut v. Merrill*, 356 F. Supp. 3d 1351, 1354 (N.D. Ala. 2019). Thus,

as Georgia recently agreed in a different redistricting case in which the plaintiffs brought only Section 2 claims, a constitutional challenge is "a prerequisite to establish jurisdiction for a three-judge court under 28 U.S.C. § 2284(a)" and in the absence of any constitutional claims a three-judge panel "would lack jurisdiction to resolve Plaintiffs' statutory claim." Joint Statement, *Dwight v. Kemp*, 18-cv-02869 (Sept. 12, 2018), ECF. 25 at 2-3. *Cf. Rural W. Tennessee Afr.-Am. Affs. Council v. Sundquist*, 209 F.3d 835, 838 (6th Cir. 2000) (noting that three-judge panel "disbanded itself" after constitutional claims were dropped). Accordingly, Section 2284 precludes any jurisdictional basis for the consolidation of the *Alpha Phi Alpha*, *NAACP*, and *Common Cause* actions.

Nor could the three-judge panel in *NAACP* and *Common Cause* exercise supplemental jurisdiction over the claim in *Alpha Phi Alpha*. Section 1367 authorizes supplemental jurisdiction "in any civil action of which the district courts have original jurisdiction," *id.*, but such supplemental jurisdiction extends only to claims "in" that particular civil action and does not extend to entirely separate actions over which there is no basis for original jurisdiction in the first place. *See United Subcontractors, Inc. v. Rust Consulting, Inc.*, No. 16-CV-04735-AT, 2017 WL 3449612, at *4 (N.D. Ga. Aug. 2, 2017) (citing *Peacock v. Thomas*, 516 U.S. 349, 354-355 (1996)). *NAACP* and *Common Cause* are separate and distinct "actions"

from *Alpha Phi Alpha*, and for the reasons provided above, the three-judge district court convened to hear those actions does not have original jurisdiction over the *Alpha Phi Alpha* action. *See also* 28 U.S.C. § 2284(b) (specifying the procedures that apply "[i]n any *action* required to be heard and determined by a district court of three judges") (emphasis added).

Given this jurisdictional bar, the Alpha Plaintiffs oppose formal consolidation under Rule 42. There is no reason to experiment with novel and expansive theories of the three-judge court's jurisdiction (with little, if any, gains in efficiency), when sound jurisdiction rests with the single-judge district court already assigned to this case. *See Chestnut*, 356 F. Supp. 3d at 1357 (noting that "[s]everal cases alleging only Section 2 violations have been heard by single judges" and collecting cases). To the extent that the Court is nevertheless considering Rule 42 consolidation, the Alpha Plaintiffs request an opportunity to fully brief the jurisdictional issue prior to any such consolidation with *NAACP* or *Common Cause*.

**Second**, even setting aside the three-judge-court's lack of jurisdiction, the traditional considerations for consolidation under Rule 42(a) counsel against consolidating *Alpha Phi Alpha* with any other matter subject to the Court's order, in particular *NAACP* and *Common Cause*.

In determining whether to consolidate actions under Rule 42(a), courts consider "[w]hether the specific risks of prejudice and possible confusion are overborne by risk of inconsistent adjudications of common factual and legal issues, burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, length of time required to conclude multiple suits as against a single one, and relative expense to all concerned of single-trial and multiple-trial alternatives." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492 (11th Cir. 1985). Here, the relevant considerations counsel against consolidation.

**(1) The cases under consideration for consolidation do not share like claims.** The Alpha Plaintiffs bring only a Section 2 vote dilution claim challenging the State legislative maps on behalf of Black voters. *Alpha Phi Alpha*, No. 1:21-cv-05337-SCJ, ECF 1 ¶¶136-40. In contrast, the Pendergrass Plaintiffs focus solely on the congressional map. *Pendergrass*, No. 1:21-cv-05339-SCJ, ECF 1 ¶¶75-82. The claim in *Pendergrass* will involve separate discovery and expert testimony, and their separate resolution does not risk inconsistent adjudications because they challenge different legislative actions. Consolidation of *Alpha Phi Alpha* with *Pendergrass* risks unnecessary confusion of the issues and prejudice to the Alpha Plaintiffs and offers no efficiency gains that cannot be garnered through coordination without consolidation.

Likewise, the NAACP Plaintiffs bring both statutory and constitutional claims—including racial gerrymandering claims—and challenge both the congressional map and a different set of State legislative districts. *See generally NAACP*, ECF 1. And although one of the NAACP Plaintiffs' various claims is a challenge to the state legislative maps under the VRA, *id.*, ECF 1 ¶¶232-57, even the NAACP Plaintiffs' VRA claim is fundamentally distinct. While the Alpha Plaintiffs bring only a results-based VRA claim premised on the state legislative maps' dilution of Black voting strength, *Alpha Phi Alpha*, ECF 1 ¶¶ 136-140, the NAACP Plaintiffs bring both intent and results-based VRA claims, and their VRA theory is premised primarily upon coalition claims (i.e., the failure to draw majority-minority districts), rather than on the dilution of Black voting strength in particular, *NAACP*, ECF 1 ¶¶ 239-257. Because the NAACP Plaintiffs' intent-based constitutional claims and their VRA theories are distinct from those set forth by the Alpha Plaintiffs, requiring different proof, different defendants, and involving different legal issues, consolidation would not increase judicial efficiency.

Like the NAACP Plaintiffs, the Common Cause Plaintiffs allege racial gerrymandering claims under the U.S. Constitution. *Common Cause*, ECF 1 ¶¶ 118-122. Accordingly, the same arguments against consolidation with *NAACP* likewise apply to *Common Cause*.

**(2) The Alpha Plaintiffs will be prejudiced absent a speedy resolution of their preliminary injunction motion.** As just noted, *Pendergrass* and especially *NAACP* and *Common Cause* involve different and (as to *NAACP* and *Common Cause*) potentially more complicated claims than those asserted in *Alpha Phi Alpha*. Given the irreparable harm that will result from holding elections using the unlawful state legislative maps and the quickly-approaching March 7, 2022, opening of the candidate filing period, the Alpha Plaintiffs submit that to the extent consolidation with those other actions would lead to delay in the proceedings in this action, it would unduly prejudice them.

**(3) Consolidation is unnecessary because inconsistent maps can be resolved in the remedy phase.** To the extent the Alpha Plaintiffs or any other plaintiffs in other cases subject to the Court's order are each successful in a preliminary phase or ultimately in a final judgment challenging the State's General Assembly maps, this Court may resolve those inconsistencies at the remedy phase. *See Wright v. Sumter Cnty. Bd. of Elections & Registration*, 979 F.3d 1282, 1309 (11th Cir. 2020) (district court did not clearly err in conducting remedial proceedings and, with the help of a well-qualified special master, drawing new district boundaries that remedied the violation). Accordingly, consolidation is not necessary, at least

during the merits phase, to resolve any concerns about inconsistent outcomes with respect to the State's House and Senate maps.

*Finally*, while the Alpha Plaintiffs oppose consolidation, the Alpha Plaintiffs understand that some coordination among the cases referenced in the Court's order might at some point be useful for the efficient resolution of the various cases by this Court. Accordingly, to the extent such coordination does not impede the speedy resolution of the Alpha Plaintiffs' pending Motion for a Preliminary Injunction (ECF No. 26), the Alpha Plaintiffs would not oppose such coordinated efforts, and will make all efforts to reduce redundancies.[1]

## Scheduling

With respect to the schedule, the Alpha Plaintiffs submit that the Court should proceed in two phases: (1) a preliminary phase and (2) a final judgment phase.

(1) Regarding the preliminary phase, the Alpha Plaintiffs submit that a fair and reasonable schedule on the pending Motion for a Preliminary Injunction would grant the State two weeks to submit its opposition, one week for Alpha Plaintiffs to reply, and a preliminary injunction hearing to proceed the following week.

---

[1] In somewhat similar circumstances in *Caster, et al. v. Merrill*, No. 2:21-cv-1536-AMM (N.D. Ala.), the court there left the three actions unconsolidated during the still-pending preliminary injunction phase but has coordinated the preliminary injunction hearing in those actions.

However, acknowledging the Court's calls for coordination, understanding that the parties in other cases subject to the Court's order may file motions for preliminary injunction, considering the need for a decision on the pending Motion for a Preliminary Injunction prior to the forthcoming candidate filing period commencing on March 7, 2022, and having been alerted by opposing counsel that this Court has a trial scheduled to commence on February 7, 2022, the Alpha Plaintiffs offer the following proposed schedule:

- Motions for preliminary injunction due no later than January 14, 2022
    - If the Court adopts this schedule, the Alpha Plaintiffs would request the opportunity to amend the pending Motion for a Preliminary Injunction consistent with this deadline.
- Opposition to motions for preliminary injunction due no later than January 26, 2022
- Replies due no later than January 31, 2022
- Preliminary injunction hearing to commence on February 1, 2022
- Proposed findings of fact and conclusions of law due no later than five (5) days after the conclusion of the hearing

Furthermore, having conferred with opposing counsel, Alpha Plaintiffs understand that Defendant intends to propose a more condensed preliminary phase

schedule with Defendant's opposition to the motion for preliminary injunction due on January 18, Alpha Plaintiffs' reply due on January 21, and a hearing to commence on January 24. If the Court adopts Defendant's proposed schedule, the Alpha Plaintiffs are prepared to proceed on that schedule but request that Alpha Plaintiffs' reply be due on January 23 and that proposed findings of fact and conclusions of law be due no later than five (5) days after the conclusion of the hearing.

(2) After a ruling on any motions for a preliminary injunction, the Alpha Plaintiffs would propose that the Court proceed on the usual 4-month discovery track for civil rights cases with an accompanying schedule. *See* App. F to the Local Rules for the N.D. Ga. However, the Alpha Plaintiffs will not oppose a different discovery track if it affords the Court the opportunity to synchronize final judgment phase proceedings with the other cases subject to this Court's order. Accordingly, in accordance with this Court's Order and accounting for a preliminary phase that may include appeals, Alpha Plaintiffs propose the following final judgment phase schedule:

- Fact discovery to commence on April 18, 2022
- Fact discovery to close on August 18, 2022, with the exception of limited fact discovery regarding election data following the November 2022 general election

- Plaintiffs' expert disclosure due no later than September 19, 2022

- Defendants' expert disclosure due no later than October 19, 2022

- All expert discovery, including rebuttal expert reports and depositions of experts, to conclude no later than December 31, 2022

- Any dispositive motions due no later than January 31, 2023

- Responses to dispositive motions due no later than February 21, 2023

- Reply briefs in support of dispositive motions due no later than March 7, 2023

- Trial to commence on April 10, 2023

A proposed scheduling order with both the preliminary and final judgment phases is attached.

**Preliminary Injunction Hearing**

The Alpha Plaintiffs submit that a preliminary injunction hearing on their pending Motion for a Preliminary Injunction may be conducted within four days.

DATED this 11th day of January 2022.

Respectfully submitted,

| | |
|---|---|
| /s/ *Rahul Garabadu* <br> Sean J. Young (Bar 790399) <br> syoung@acluga.org <br> Rahul Garabadu (Bar 553777) <br> rgarabadu@acluga.org | /s/ *Sophia Lin Lakin* <br> Sophia Lin Lakin* <br> slakin@aclu.org <br> Ari J. Savitzky* <br> asavitzky@aclu.org |

ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ *Debo P. Adegbile*
Debo P. Adegbile*
*debo.adegbile@wilmerhale.com*
Alex W. Miller*
*alex.miller@wilmerhale.com*
Maura Douglas*
*maura.douglas@wilmerhale.com*
Eliot Kim*
*eliot.kim@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Anuradha Sivaram*
*anuradha.sivaram@wilmerhale.com*
Edward Williams*
*ed.williams@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

Jennesa Calvo-Friedman*
*jcalvo-friedman@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

George P. Varghese*
*george.varghese@wilmerhale.com*
Denise Tsai*
*denise.tsai@wilmerhale.com*
Tae Kim*
*tae.kim@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

Charlotte Geaghan-Breiner*
*charlotte.geaghan-breiner@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
(650) 858-6000 (t)
(650) 858-6100 (f)

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which provides electronic notice of filing to all counsel of record.

This 11th day of January, 2022.

*/s/ Rahul Garabadu*
Rahul Garabadu (Bar 553777)

COUNSEL FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al.,<br><br>    *Plaintiffs*,<br><br>vs.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>    *Defendant*. | **Case No. 1:21-CV-05337-SCJ** |

## [PROPOSED] SCHEDULING ORDER

Having considered the parties' responses to this Court's Order (ECF No. 8) requesting a proposed schedule, the parties are hereby ordered to adhere to the following schedule in this matter:

- Any and all motions for preliminary injunction shall be filed no later than January 14, 2022

- Any opposition to the motions for preliminary injunction shall be filed no later than January 26, 2022

- Any reply briefs in support of any motions for preliminary injunction shall be filed no later than January 31, 2022
- A preliminary injunction hearing shall commence on February 1, 2022
- The Parties shall file proposed findings of fact and conclusions of law no later than five (5) days after the conclusion of the preliminary injunction hearing
- Fact discovery shall commence on April 18, 2022
- Fact discovery shall conclude on August 18, 2022, with the exception of limited fact discovery regarding election data following the November 2022 general election
- Plaintiffs' expert disclosure shall be filed no later than September 19, 2022
- Defendants' expert disclosure shall be filed no later than October 19, 2022
- All expert discovery, including rebuttal expert reports and depositions of experts, shall conclude no later than December 31, 2022
- Any dispositive motions shall be filed no later than January 31, 2023
- Responses to dispositive motions shall be filed no later than February 21, 2023
- Reply briefs in support of dispositive motions shall be filed no later than March 7, 2023
- Trial shall commence on April 10, 2023

So ORDERED this ___ day of January , 2022.

_____
Judge Steve C. Jones
U.S. District Court Judge