UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., a nonprofit organization on behalf of members residing in Georgia; SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, a Georgia nonprofit organization; ERIC T. WOODS; KATIE BAILEY GLENN; PHIL BROWN; JANICE STEWART,<br><br>*Plaintiffs,*<br><br>vs.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia.<br><br>*Defendant.* | Case No. 1:21-CV-05337-SCJ |

### PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION AND IN OPPOSITION TO THE MOTION TO DISMISS

Plaintiffs file this Notice to alert the Court to two decisions issued yesterday by courts in this Circuit that address matters raised in the pending motions in this case.

*First*, Judge Grimberg issued a decision denying summary judgment to the Secretary of State of Georgia and granting in part and denying in part summary judgment to the Plaintiffs in *Rose v. Raffensperger*, a case involving claims under Section 2 of Voting Rights Act.  *See* Opinion and Order, *Rose v. Raffensperger*, No. 1:20-cv-02921-SDG (N.D. Ga. Jan. 24, 2022) (attached as Ex. A).  Among other things, the court held that the *Gingles* prerequisites do not require any assessment of the "*causes* of political polarization" (such as partisanship) as opposed to the fact of polarization and the "*existence* of racial-block voting." *Id.* at 28-32 (granting summary judgment to plaintiffs on *Gingles* 2 and 3 where fact of political cohesion among minority voters and racial-bloc voting was uncontested) (emphases in original).  The court also reiterated its determination that private plaintiffs have a right of action under Section 2, explaining that "Supreme Court and Circuit precedent compel this Court to find that (1) private plaintiffs have standing to sue under Section 2; (2) such causes of action are not barred by the Eleventh Amendment; and (3) Section 2 is a valid exercise of congressional power under the Fourteenth and Fifteenth Amendments, overriding states' sovereign immunity." *Id.* at 35.

*Second*, on January 24, 2022, the three-judge panel and the single-judge court in the coordinated redistricting cases in the Northern District of Alabama

issued a joint opinion granting, on VRA Section 2 grounds, the plaintiffs' requested preliminary injunction against the use of Alabama's new congressional map. *See* Mem. Opinion and Order, *Singleton v. Merrill*, No. 21 Civ. 1291 (N.D. Ala. Jan. 24, 2022) (attached as Ex. B).

In ordering relief, the court stayed Alabama's imminent January 28, 2022 candidate qualification deadline for 14 days to allow the state legislature to draw a remedial map, and noted that, if the legislature was unsuccessful, it would "retain (at the expense of the Defendants) an eminently qualified expert to draw on an expedited basis a map that complies with federal law." *See id.* at 6-7. The Alabama decision also touches on a number of issues that have arisen in this case. For example, the three-judge panel unanimously concluded as a matter of law that Section 2 provides private plaintiffs with a right of action, noting that any contrary conclusion would "badly undermine" the reasoning of the Supreme Court's decision in *Morse v. Republican Party of Virginia*, 517 U.S. 186 (1996), and "would work a major upheaval in the law." *Id.* at 207-10. The court also recognized Alabama's Black Belt region as "a community of interest of substantial significance" that was properly accounted for in the plaintiffs' illustrative plans with the addition of a new majority-Black congressional district. *Id.* at 165-69.

Respectfully submitted,

/s/ Rahul Garabadu
Sean J. Young (Bar 790399)
*syoung@acluga.org*
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Debo P. Adegbile
Debo P. Adegbile (pro hac vice)
*debo.adegbile@wilmerhale.com*
Robert L. Boone*
*Robert.boone@wilmerhale.com*
Alex W. Miller
*alex.miller@wilmerhale.com*
Maura Douglas (pro hac vice)
*maura.douglas@wilmerhale.com*
Eliot Kim (pro hac vice)
*eliot.kim@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

/s/ Edward Williams
Anuradha Sivaram (pro hac vice)
*anuradha.sivaram@wilmerhale.com*
Edward Williams (pro hac vice)
*ed.williams@wilmerhale.com*
De'Ericka Aiken (pro hac vice)
*ericka.aiken@wilmerhale.com*
Ayana Williams*

/s/ Sophia Lin Lakin
Sophia Lin Lakin (pro hac vice)
*slakin@aclu.org*
Ari J. Savitzky (pro hac vice)
*asavitzky@aclu.org*
Jennesa Calvo-Friedman (pro hac vice)
*jcalvo-friedman@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

/s/ George P. Varghese
George P. Varghese (pro hac vice)
*george.varghese@wilmerhale.com*
Denise Tsai (pro hac vice)
*denise.tsai@wilmerhale.com*
Tae Kim *
*tae.kim@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

/s/ Charlotte Geaghan-Breiner
Charlotte Geaghan-Breiner*
*charlotte.geaghan-breiner@wilmerhale.com*
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
(650) 858-6000 (t)
(650) 858-6100 (f)

*ayana.williams@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Plaintiffs*

*Pro Hac Vice or Pro Hac Vice pending

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

*/s/ Rahul Garabadu*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day caused to be served the foregoing *Notice of Supplemental Authority* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel or parties of record on the service list:

This 25th day of January, 2022.

*/s/ Rahul Garabadu*