# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC. et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-05337-SCJ |
| COAKLEY PENDERGRASS et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:22-CV-00122-SCJ |

## PARTIES' CONSOLIDATED PRESENTATION SCHEDULE

Pursuant to the Court's coordinated order ("Order") of January 19, 2022, *see Alpha Phi Alpha Fraternity Inc. v. Raffensperger*, No. 1:21-CV-05337-SCJ (N.D. Ga. Jan. 19, 2022), ECF No. 55; *Pendergrass v. Raffensperger*, No. 1:21-CV-05339-SCJ (N.D. Ga. Jan. 19, 2022), ECF No. 41; *Grant v. Raffensperger*, No. 1:22-CV-00122-SCJ (N.D. Ga. Jan. 19, 2022), ECF No. 30, the parties to these proceedings respectfully submit the following consolidated presentation schedule.

## PRE-HEARING DEADLINES

As an initial matter, the parties propose the following deadlines prior to the anticipated commencement of the preliminary injunction hearing on February 7, 2022.

By no later than **5:00 P.M. (EST) on MONDAY, JANUARY 31, 2022**, each party will file (1) a list of witnesses who are expected to testify live at the preliminary injunction hearing; (2) a list of witnesses who are expected to testify via affidavit, with any affidavits not previously submitted attached; and (3) a numbered list of exhibits, with any exhibits not previously submitted attached. Any objections to the witnesses and/or exhibits listed will be filed by no later than **5:00 P.M. (EST) on WEDNESDAY, FEBRUARY 2, 2022**.

Consistent with the Court's admonition that "the parties [] stipulate to as many matters as possible," Order 3, the parties to each of the three proceedings will file joint statements of stipulated facts by no later than **5:00 P.M. (EST) on FRIDAY, FEBRUARY 4, 2022**.

## PREVIOUSLY FILED EXPERT REPORTS AND WITNESS DECLARATIONS

The parties stipulate that all expert reports and witness declarations previously filed in support of or in opposition to the pending motions for preliminary injunction will be admitted as evidence when the witness testifies and can be relied upon by the parties at the hearing and in any post-hearing briefing, notwithstanding whether the facts or opinions at issue are elicited from their respective witnesses on direct examination at the hearing. The parties will endeavor to minimize redundancy and inefficiency in the presentation of evidence by relying on previously submitted materials, and will stipulate where feasible to the introduction of expert reports and witness declarations without requiring the witness's testimony.

The parties further stipulate that all individual voter declarations previously filed in support of or in opposition to the pending motions for preliminary injunction will be admitted as evidence and can be relied upon by the parties at the hearing and in any post-hearing briefing.

## HEARING SCHEDULE

As an overarching matter—and "[i]n the interest of conducting an efficient hearing," Order 3—the parties propose that the presentation of evidence in each of the three underlying cases be coordinated to avoid unnecessary confusion and duplication. Rather than present the evidence for each case seriatim, the *Alpha Phi Alpha*, *Pendergrass*, and *Grant* plaintiffs will instead adopt a coordinated presentation of evidence, ensuring that witnesses who address the same topics are scheduled together and, to the extent possible, avoid redundancy. The parties emphasize that the coordination and consolidation of evidence at the preliminary injunction hearing does not change their respective positions on formal consolidation under Federal Rule of Civil Procedure 42(a) as previously articulated to the Court.

The parties will further endeavor to coordinate on timing to ensure that each side has a fair and equitable opportunity to present its case. In the event that the parties are not able to come to full agreement on issues of timing, they reserve the right to request assistance from the Court—including, if needed, the imposition of aggregate time limitations for each side.

The parties propose that the preliminary injunction hearing follow the general schedule and ordering outlined below.

**Opening statements.** The parties propose that each side be allowed up to 15 minutes for an opening statement.

**Plaintiffs' presentation of evidence.** The plaintiffs will present their testimony and evidence in the following order of topics:

- Mapping, demographics, and redistricting principles (first *Gingles* precondition);

- Political cohesion, bloc voting, and racially polarized voting (second and third *Gingles* preconditions);

- Totality of circumstances (Senate Factors).

**Defendants' presentation of evidence.** The defendants will present their defense to all of the plaintiffs' Section 2 claims at one time, such that the defendants' witnesses will appear only once.

**Plaintiffs' presentation of rebuttal evidence.** The plaintiffs will coordinate to allow for the efficient presentation of any rebuttal testimony and evidence.

**Closing arguments and questions from the Court.** The hearing will conclude with closing arguments (45 minutes for each set of plaintiffs and 90 minutes for the defendants, with the plaintiffs able to reserve some portion of their allotted time for rebuttal), including an opportunity for the Court to address questions to the parties.

## COVID-19 MITIGATION PROTOCOLS

In light of the ongoing pandemic, the parties agree to the following mitigation protocols to ensure the health and safety of the parties, their witnesses, and the Court and its staff. The parties intend that these measures will supplement the guidelines required by NDGa General Order 21-04.

**Masks and social distancing.** The Court should require those in attendance to practice social distancing to the extent practicable. The Court should continue to require all those in attendance to wear masks within the courtroom, except when speaking to the Court.

**Attendance at proceedings.** The Court should provide an overflow room for spectators in which the audio and/or video of the proceeding can be observed.

**Remote participation for witnesses.** The Court should allow witnesses to testify remotely if they require quarantine/isolation, are experiencing symptoms of COVID-19 or have had close contact with someone who tested positive for COVID-19 within 14 days of the hearing, are immunocompromised or otherwise particularly vulnerable to illness, or are subject to travel impediments related to the pandemic.

Additionally, the *Alpha Phi Alpha*, *Pendergrass*, and *Grant* plaintiffs respectfully request that the following mitigation protocols also be implemented by the Court. Defendants oppose these additional mitigation protocols.

**Testing or proof of vaccination.** The Court should require those in attendance to provide proof of vaccination or proof of a negative COVID-19 PCR test taken within 24 hours of the commencement of each day of the hearing.

**Livestream of proceedings.** Given that these cases are of significant public interest, the Court should provide a livestream of the proceedings (either audiovisual or audio only).

Dated: January 26, 2022                         Respectfully submitted,

By:

/s/ Joyce Gist Lewis                            Abha Khanna*
Joyce Gist Lewis                                Jonathan P. Hawley*
Georgia Bar No. 296261                          **ELIAS LAW GROUP LLP**
Adam M. Sparks                                  1700 Seventh Avenue, Suite 2100
Georgia Bar No. 341578                          Seattle, Washington 98101
**KREVOLIN & HORST, LLC**                       Phone: (206) 656-0177
One Atlantic Center                             Facsimile: (206) 656-0180
1201 West Peachtree Street, NW,                 Email: AKhanna@elias.law
Suite 3250                                      Email: JHawley@elias.law
Atlanta, Georgia 30309
Telephone: (404) 888-9700
Facsimile: (404) 888-9577
Email: JLewis@khlawfirm.com
Email: Sparks@khlawfirm.com

Kevin J. Hamilton*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101
Phone: (206) 359-8000
Facsimile: (206) 359-9000
Email: KHamilton@perkinscoie.com

Daniel C. Osher*
Christina A. Ford*
Graham W. White*
Michael B. Jones
Georgia Bar No. 721264
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: DOsher@elias.law
Email: CFord@elias.law
Email: GWhite@elias.law
Email: MJones@elias.law

*Counsel for the* Pendergrass *Plaintiffs and the* Grant *Plaintiffs*

*Admitted *pro hac vice*

/s/ Rahul Garabadu
Sean J. Young (Bar 790399)
*syoung@acluga.org*
Rahul Garabadu (Bar 553777)
*rgarabadu@acluga.org*
ACLU FOUNDATION OF
GEORGIA, INC.
P.O. Box 77208
Atlanta, Georgia 30357
Telephone: (678) 981-5295
Facsimile: (770) 303-0060

/s/ Debo P. Adegbile
Debo P. Adegbile
*debo.adegbile@wilmerhale.com*
Robert L. Boone
*robert.boone@wilmerhale.com*
Abigail Shaw
*abby.shaw@wilmerhale.com*
Alex W. Miller
*alex.miller@wilmerhale.com*
Cassandra Mitchell**
*Cassie.mitchell@wilmerhale.com*
Maura Douglas
*maura.douglas@wilmerhale.com*
Eliot Kim
*eliot.kim@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

/s/ Edward Williams
Anuradha Sivaram
*anuradha.sivaram@wilmerhale.com*
Edward Williams

/s/ Sophia Lin Lakin
Sophia Lin Lakin
*slakin@aclu.org*
Ari J. Savitzky
*asavitzky@aclu.org*
Jennesa Calvo-Friedman
*jcalvo-friedman@aclu.org*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
Telephone: (212) 519-7836
Facsimile: (212) 549-2539

/s/ George P. Varghese
George P. Varghese
*george.varghese@wilmerhale.com*
Denise Tsai
*denise.tsai@wilmerhale.com*
Tae Kim**
*tae.kim@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000

/s/ Charlotte Geaghan-Breiner
Charlotte Geaghan-Breiner
*charlotte.geaghan-breiner@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real
Suite 400
Palo Alto, CA 94306
(650) 858-6000 (t)
(650) 858-6100 (f)

*ed.williams@wilmerhale.com*
De'Ericka Aiken
*ericka.aiken@wilmerhale.com*
Ayana Williams
*ayana.williams@wilmerhale.com*
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Counsel for the* Alpha Phi Alpha *Plaintiffs*

\*\* Pro hac vice pending

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendants*
