IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al., <br>    Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, <br>    Defendant. | CIVIL ACTION FILE <br><br> No. 1:21-CV-05337-SCJ |
| COAKLEY PENDERGRASS et al., <br>    Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER et al., <br>    Defendants. | CIVIL ACTION FILE <br><br> No. 1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT et al., <br>    Plaintiffs, <br><br> v. <br><br> BRAD RAFFENSPERGER et al., <br>    Defendants. | CIVIL ACTION FILE <br><br> No. 1:22-CV-00122-SCJ |

## COORDINATED ORDER[1]

Having made a determination on the various Defendants' Motions to Dismiss, the Court enters the following order for purposes of perfecting the record as to the **February 7–14, 2022** coordinated in-person hearing on the Motions for Preliminary Injunctions that are pending in the above-stated cases.

More specifically, the Court approves and adopts the Consolidated Presentation Schedule that was filed in each of the above-stated cases.

## PRE-HEARING DEADLINES

The applicable pre-hearing deadlines are as follows.

By no later than **5:00 P.M. (EST) on MONDAY, JANUARY 31, 2022**, each party shall file (1) a list of witnesses who are expected to testify live at the preliminary injunction hearing; (2) a list of witnesses who are expected to testify via affidavit, with any affidavits not previously submitted attached; and (3) a numbered list of exhibits, with any exhibits not previously submitted attached.

Any objections to the witnesses and/or exhibits listed will be filed by no later

---

[1] The Court issues this coordinated order in the interest of efficiency as to the upcoming hearing. The Court's issuance of this coordinated order does not imply or reflect any intention of the Court to consolidate these cases under Federal Rule of Civil Procedure 42 or otherwise.

2

than **5:00 P.M. (EST) on WEDNESDAY, FEBRUARY 2, 2022**.

The parties for each of the three proceedings shall file joint statements of stipulated facts by no later than 5:00 P.M. (EST) on **FRIDAY, FEBRUARY 4, 2022**.

Any requests to bring electronic equipment into the courthouse should be made by motion (with an attached proposed order) as soon as possible. Any requests to set up and test electronic equipment prior to the hearing should be immediately made to Courtroom Deputy Clerk, Pamela Wright at the following email address: **pamela_wright@gand.uscourts.gov**.

## STIPULATIONS

The parties' stipulations (contained in the Consolidated Presentation Schedule) concerning expert reports and witness declarations are approved. The parties shall endeavor to minimize redundancy and inefficiency in the presentation of evidence by relying on previously submitted materials and shall stipulate where feasible (and permissible by applicable law) to the introduction of expert reports and witness declarations without requiring the witness's testimony.

## HEARING SCHEDULE

The presentation of evidence in each of the three underlying cases shall be coordinated to avoid unnecessary confusion and duplication. The parties shall endeavor to coordinate on timing to ensure that each side has a fair and equitable opportunity to present its case. In the event that the parties are not able to come to full agreement on issues of timing, they shall request assistance from the Court.

The preliminary injunction hearing shall follow the general schedule and ordering outlined below.

**Opening statements.** Each side is allowed **up to 15 minutes** for an opening statement.

**Plaintiffs' presentation of evidence.** Plaintiffs shall present their testimony and evidence in the following order of topics:

- Mapping, demographics, and redistricting principles (first Gingles precondition);
- Political cohesion, bloc voting, and racially polarized voting (second and third Gingles preconditions);
- Totality of circumstances (Senate Factors).

4

**Defendants' presentation of evidence.** Defendants shall present their defense to all of the plaintiffs' Section 2 claims at one time, such that the Defendants' witnesses shall appear only once.

**Plaintiffs' presentation of rebuttal evidence.** Plaintiffs shall coordinate to allow for the efficient presentation of any rebuttal testimony and evidence.

**Closing arguments and questions from the Court.** The hearing will conclude with closing arguments (45 minutes for each set of plaintiffs (inclusive of reservation of allotted time for rebuttal) and 90 minutes for the defendants), including an opportunity for the Court to address questions to the parties.

## COVID-19 MITIGATION PROTOCOLS

In light of the ongoing pandemic, the following mitigation protocols to ensure the health and safety of the parties, their witnesses, and the Court and its staff shall be followed as a supplement to the guidelines required by NDGa General Order 21-04.

**Masks and social distancing.** All hearing attendees shall practice social distancing of remaining at least **6 feet apart** to the extent practicable. All hearing attendees shall wear masks within the courtroom, except when speaking to the Court. Witnesses will be given the option of testifying with

5

their masks off.

**Attendance at proceedings.** Only 3 attorneys of record per side in each case will be allowed to sit at the counsel table in the courtroom.[2] The parties should notify the Court if they will need additional courtroom seating for party representatives or any witness for which they will request an exception to the rule of sequestration.[3] The overflow courtroom (with audio feed only) for additional personnel and members of the public will be in **COURTROOM 2105**.

**Remote participation for witnesses.** The Court will allow witnesses to testify remotely if they require quarantine/isolation, are experiencing symptoms of COVID-19 or have had close contact with someone who tested positive for COVID-19 within 14 days of the hearing, are immunocompromised or otherwise particularly vulnerable to illness, or are subject to travel impediments related to the pandemic. However, remote participation shall be

---

[2] To be clear: Because Defendants in all three cases have substantially the same legal defense team, Defendants will have one table at which three of their attorneys of record may sit during the hearing. Plaintiffs in each case will have their own table, so the Court will provide three total tables for Plaintiffs' counsel. Three attorneys of record may sit at each of those tables.

[3] In the absence of an exception or contrary instruction from counsel, all witnesses should report to the 19th floor witness room.

considered on an individual, witness-by-witness basis and only upon the consent of the opposing party.

## ADDITIONAL REQUESTS

Plaintiffs' additional requests for livestream and testing or proof of vaccination are denied in the absence of consent from Defendants. See General Order 21-02 (requiring all parties to consent to streaming live audio of the proceedings).

## CONCLUSION

In conclusion, the foregoing rulings shall govern the parties at the **February 7–14, 2022** coordinated in-person hearing on the Motions for Preliminary Injunctions that are pending in the above-stated cases.

IT IS SO ORDERED this __27th__ day of January, 2022.

_____
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**