## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALPHA PHI ALPHA FRATERNITY INC., et al.,

     *Plaintiffs,*

v.

BRAD RAFFENSPERGER,

     *Defendant.*

CIVIL ACTION

FILE NO. 1:21-CV-05337-SCJ

## **DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Brad Raffensperger, in his official capacity as Secretary of the State of Georgia (the "Defendant" or the "Secretary"), answer Plaintiffs' Amended Complaint [Doc. 141] (the "Amended Complaint") as follows:

### **FIRST AFFIRMATIVE DEFENSE**

The allegations in Plaintiffs' Amended Complaint fail to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred for failure to name necessary and indispensable parties.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiffs lack constitutional standing to bring this action.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs lack statutory standing to bring this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' federal claims against Defendant are barred by the Eleventh Amendment to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no provide right of action.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they should be heard by a three-judge panel.

## NINTH AFFIRMATIVE EFENSE

Defendant denies that Plaintiffs have been subjected to the deprivation of any right, privilege, or immunity under the Constitution or laws of the United States.

## TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend his defenses and to add additional ones, including lack of subject matter jurisdiction based on the

mootness or ripeness doctrines, as further information becomes available in discovery.

Defendant answers the specific numbered paragraphs of Plaintiffs' Amended Complaint as follows:

1.     Paragraph 1 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

2.     Defendant admits the allegations set forth in Paragraph 2 of the Amended Complaint.

3.     Defendant denies the allegations set forth in Paragraph 3 of the Amended Complaint.

4.     Defendant admits that the State House of Representatives map includes two additional majority-Black districts. Defendant denies the remaining allegations set forth in Paragraph 4 of the Amended Complaint.

5.     Defendant denies the allegations set forth in Paragraph 5 of the Amended Complaint.

6.     Defendant admits that the Amended Complaint seeks declaratory and injunctive relief. Defendant denies the remaining allegations set forth in Paragraph 6 of the Amended Complaint.

7.     Defendant admits that this Court has federal-question jurisdiction for claims arising under the Voting Rights Act. Defendant denies the remaining allegations set forth in Paragraph 7 of the Amended Complaint.

8.     Defendant admits the allegations set forth in Paragraph 8 of the Amended Complaint.

9.     Defendant admits that the sole claim in the Amended Complaint is based on the Voting Rights Act. The remaining allegations in Paragraph 9 of the Amended Complaint set forth legal conclusions to which no response is required, and therefore, Defendant denies the same.

10.     Defendant admits the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Defendant admits the allegations set forth in Paragraph 11 of the Amended Complaint.

12.     The allegations in Paragraph 12 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

13.     The allegations in Paragraph 13 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

14.     The allegations in Paragraph 14 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

15.     The allegations in Paragraph 15 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

16.     The allegations in Paragraph 16 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

17.     The allegations in Paragraph 17 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

18.     The allegations in Paragraph 18 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

19.     The allegations in Paragraph 19 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

20.     The allegations in Paragraph 20 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

21.     The allegations in Paragraph 21 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

22.     The allegations in Paragraph 22 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

23.     Defendant admits that he is the Secretary of State of Georgia and that the Secretary of State is designated by statute as the chief election official. Defendant further admits that he has responsibilities under law

5

related to elections. Defendant denies the remaining allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendant admits the allegations set forth in Paragraph 24 of the Amended Complaint.

25.     Paragraph 25 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

26.     Paragraph 26 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

27.     Paragraph 27 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

28.     Paragraph 28 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

29.     Paragraph 29 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph, including its footnote, are denied.

30.    Defendant admits that Georgia's population grew by over 1 million people to 10.71 million people which is a 10.6% increase from 2010. The remaining allegations in Paragraph 30 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

31.    Defendant admits that Georgia's Black population increased by almost half a million people from 2010 to 2020. The remaining allegations in Paragraph 31 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

32.    Defendant admits that, as a percentage of the electorate, the white percentage has decreased and the percentage of voters of color has increased over the last ten years. The remaining allegations in Paragraph 32 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

33.    Defendant admits that, as of the 2019 American Community Survey, the Black voting-eligible population had reached a record high of 2.5 million eligible voters. The remaining allegations in Paragraph 33 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

34.    Defendant admits that many counties in metro Atlanta have seen significant population growth, including Black population growth. The

remaining allegations in Paragraph 34 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

35.     Defendant admits that Georgia's Black Belt consists of predominantly rural counties across the central and southern part of the state. Defendant further admits that many counties in the Black Belt have large Black populations. The remaining allegations in Paragraph 35 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

36.     Defendant denies the allegations set forth in Paragraph 36 of the Amended Complaint.

37.     Defendant admits that Georgia is no longer required to seek preclearance of its redistricting plans prior to implementing them. The remaining allegations in Paragraph 37 set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

38.     Defendant admits that, prior to 2013, it was a covered jurisdiction under Section 4 of the Voting Rights Act and was required to seek preclearance of election laws prior to enforcement. The remaining allegations in Paragraph 38 set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

39.     Defendant admits the allegations set forth in Paragraph 39 of the Amended Complaint.

40.     The allegations in Paragraph 40 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

41.     Defendant denies the allegations set forth in Paragraph 41 of the Amended Complaint.

42.     The allegations in Paragraph 42 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

43.     Defendant admits the allegations set forth in Paragraph 43 of the Amended Complaint.

44.     Defendant admits that the Redistricting Committees held a series of town-hall meetings to gather public input before the COVID-delayed Census data was released. The remaining allegations in Paragraph 44 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

45.     The allegations in Paragraph 45 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

46.     Defendant admits that hundreds of Georgians participated in the town hall meetings. The remaining allegations in Paragraph 46 of the

9

Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

47.     Defendant admits that members of the public could submit comments to the Redistricting Committees via a web portal. The remaining allegations in Paragraph 47 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

48.     Defendant admits the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendant admits the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendant admits the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Defendant admits the allegations set forth in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Amended Complaint.

54.     The allegations in Paragraph 54 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

55.    Defendant admits the allegations set forth in Paragraph 55 of the Amended Complaint.

56.    Defendant denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57.    Defendant admits the allegations set forth in Paragraph 57 of the Amended Complaint.

58.    The allegations in Paragraph 58 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

59.    Defendant admits the allegations set forth in Paragraph 59 of the Amended Complaint.

60.    Defendant admits that Governor Kemp signed S.B. 1EX and H.B. 1EX into law on December 30, 2021. The remaining allegations in Paragraph 60 of the Amended Complaint are denied.

61.    Defendant denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62.    Defendant denies the allegations set forth in Paragraph 62 of the Amended Complaint.

63.    Defendant denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67.     Defendant denies the allegations set forth in Paragraph 67 of the Amended Complaint.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Amended Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Amended Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Amended Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations set forth in Paragraph 72 of the Amended Complaint.

73.     Defendant denies the allegations set forth in Paragraph 73 of the Amended Complaint.

74.     Defendant denies the allegations set forth in Paragraph 74 of the Amended Complaint

75.     Defendant denies the allegations set forth in Paragraph 75 of the Amended Complaint.

76.     Defendant denies the allegations set forth in Paragraph 76 of the Amended Complaint.

77.     Defendant admits that there are two additional majority-Black state House districts on the 2021 adopted state House plan. Defendant denies the remaining allegations set forth in Paragraph 77 of the Amended Complaint.

78.     Defendant denies the allegations set forth in Paragraph 78 of the Amended Complaint.

79.     Defendant admits that Black and white voters vote in blocs and prefer different candidates. Defendant denies the remaining allegations set forth in Paragraph 79 of the Amended Complaint.

80.     Defendant denies the allegations set forth in Paragraph 80 of the Amended Complaint.

81.     Defendant denies the allegations set forth in Paragraph 81 of the Amended Complaint.

82.     Defendant denies the allegations set forth in Paragraph 82 of the Amended Complaint.

83.     Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. Defendant denies the remaining allegations set forth in Paragraph 83 of the Amended Complaint.

84.     Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 84 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

85.     Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 85 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

86.     Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 86 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

87.     Paragraph 87 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

88.     Paragraph 88 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

89.     Defendant admits that plans drawn when Democrats controlled Georgia government were objected to in 1971, 1981, 1991, and 2001. The remaining allegations of Paragraph 89 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

90.     Defendant admits that plans drawn when Democrats controlled Georgia government were objected to in 1971, 1981, 1991, and 2001. The remaining allegations of Paragraph 90 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

91.     Paragraph 91 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

92.     Paragraph 92 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

93.    Defendant denies the allegations set forth in Paragraph 93 of the Amended Complaint.

94.    Paragraph 94 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

95.    Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 95 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

96.    The allegations in Paragraph 96 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

97.    Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 97 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

98.    Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of Paragraph 98 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

99.   Paragraph 99 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

100.   Defendant admits that, in past elections, Black voters cohesively supported Democratic candidates. Defendant denies the remaining allegations set forth in Paragraph 100 of the Amended Complaint.

101.   Defendant admits that, in past elections, Black voters cohesively supported Democratic candidates. Defendant denies the remaining allegations set forth in Paragraph 101 of the Amended Complaint.

102.   Defendant admits that, in past elections, white voters cohesively supported Republican candidates. Defendant denies the remaining allegations set forth in Paragraph 102 of the Amended Complaint.

103.   Defendant denies the allegations set forth in Paragraph 103 of the Amended Complaint.

104.   Defendant admits that Georgia has a majority-vote requirement for most of its elections. Defendant denies the remaining allegations set forth in Paragraph 104 of the Amended Complaint.

105.   Defendant admits that Georgia has a past history of state-sanctioned discrimination against Black voters. The remaining allegations of

Paragraph 105 of the Amended Complaint set forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

106.   The allegations in Paragraph 106 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

107.   Defendant denies the allegations set forth in Paragraph 107 of the Amended Complaint.

108.   Paragraph 108 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same.

109.   Defendant denies the allegations set forth in Paragraph 109 of the Amended Complaint.

110.   Defendant denies the allegations set forth in Paragraph 110 of the Amended Complaint.

111.   The allegations in Paragraph 111 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

112.   The allegations in Paragraph 112 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

113.   The allegations in Paragraph 113 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

114.   The allegations in Paragraph 114 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

115.   The allegations in Paragraph 115 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

116.   The allegations in Paragraph 116 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

117.   Defendant denies the allegations set forth in Paragraph 117 of the Amended Complaint.

118.   Defendant denies the allegations set forth in Paragraph 118 of the Amended Complaint.

119.   Defendant denies the allegations set forth in Paragraph 119 of the Amended Complaint.

120.   The allegations in Paragraph 120 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

121.   The allegations in Paragraph 121 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

122.   The allegations in Paragraph 122 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

123.   The allegations in Paragraph 123 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

124.   The allegations in Paragraph 124 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

125.   The allegations in Paragraph 125 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

126.   Defendant admits that Georgia elected its first Black U.S. Senor in 2021 and has not yet elected a Black Governor or Secretary of State. The remaining allegations in Paragraph 126 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

127.   The allegations in Paragraph 127 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

128.   Defendant denies the allegations set forth in Paragraph 128 of the Amended Complaint.

129.   Defendant denies the allegations set forth in Paragraph 129 of the Amended Complaint.

130.   Defendant admits that Democratic-aligned interest groups opposed S.B. 202. Defendant denies the remaining allegations set forth in Paragraph 130 of the Amended Complaint.

131.   Defendant denies the allegations set forth in Paragraph 131 of the Amended Complaint.

132.   The allegations in Paragraph 132 of the Amended Complaint are outside Defendant's knowledge and are therefore denied on that basis.

133.   Defendant denies the allegations set forth in Paragraph 133 of the Amended Complaint.

134.   Paragraph 134 of the Amended Complaint sets forth legal conclusions to which no response is required and, therefore, Defendant denies the same. The remaining allegations in this Paragraph are denied.

135.   Defendant denies the allegations set forth in Paragraph 135 of the Amended Complaint.

136.   Defendant denies the allegations set forth in Paragraph 136 of the Amended Complaint.

137.   Defendant incorporates his responses to Paragraphs 1 through 123 as if fully set forth herein.

138.   Defendant denies the allegations set forth in Paragraph 138 of the Amended Complaint.

139.   Defendant denies the allegations set forth in Paragraph 139 of the Amended Complaint.

140.   Defendant denies the allegations set forth in Paragraph 140 of the Amended Complaint.

141.   Defendant denies the allegations set forth in Paragraph 141 of the Amended Complaint.

### Prayer for Relief

Defendant denies that Plaintiffs are entitled to any relief they seek.

Defendant further denies every allegation not specifically admitted in this Answer.

Respectfully submitted this 13th day of April, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 678600

fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Loree Anne Paradise
Georgia Bar No. 382202
lparadise@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, Georgia 30339
(678) 336-7249

*Counsel for Defendant*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<em><u>/s/ Bryan P. Tyson</u></em><br>Bryan P. Tyson