# ATTACHMENT D

## I. Defendants' succinct factual statement and affirmative defenses.

### A. *Alpha Phi Alpha*

Plaintiffs filed this case on December 30, 2021, seeking injunctive relief regarding the State's 2021 State Senate and State House of Representatives redistricting plans under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. [APA Doc. 1]. Specifically, Plaintiffs claim that three additional majority-Black State Senate districts and five additional majority-Black State House districts should have been drawn by the Georgia General Assembly. Plaintiffs also claim that voting is racially polarized in Georgia and that the totality of the circumstances demonstrate that the redistricting plans result in a denial or abridgement of the rights of Black voters to vote on account of race or color.

Defendants assert that, even if this Court has jurisdiction to hear this case, Plaintiffs have not presented sufficient evidence to support their claims. Specifically, Defendants assert that Plaintiffs' illustrative plans were drawn primarily based on race and thus cannot be used to show additional districts the legislature should have drawn. Further, Defendants assert that Plaintiffs have improperly defined racially polarized voting as only requiring race-based bloc voting in which a white majority

voting bloc usually defeats the candidate preferred by a Black minority voting bloc. (*See,* Attachment C-3). This definition represents only half the inquiry, as Plaintiffs still must adduce evidence that this voter behavior is occurring "at least plausibly on account of race," *Allen v. Milligan*, 216 L. Ed. 2d 60, 75 (2023), in order to establish *racially* polarized voting as distinct from less insidious voting patterns that are not prohibited by the Voting Rights Act, like *partisan* polarized voting. Defendants also assert that voting in Georgia is equally open to all voters, regardless of race, as demonstrated by the success of candidates of choice of Black voters, the high voter turnout of voters of all races, and the lack of barriers to opportunities to participate in the political process.

Further, Defendants assert that finding for Plaintiffs requires interpreting the Voting Rights Act in a way that calls its constitutionality into question, because the Voting Rights Act's inherently race-based remedies are not justified by present conditions and are not congruent and proportional to the exercise of congressional power under the Fourteenth and Fifteenth Amendments.

Affirmative Defense: Plaintiffs lack constitutional standing to bring this action.

Affirmative Defense: Plaintiffs lack statutory standing to bring this action.

Affirmative Defense: Plaintiffs' federal claims are barred by the Eleventh Amendment to the U.S. Constitution.

Affirmative Defense: Plaintiffs' claims are barred by sovereign immunity.

Affirmative Defense: Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no private right of action.

Affirmative Defense: Plaintiffs' claims are barred because they should be heard by a three-judge panel.

Affirmative Defense: To grant the relief Plaintiffs seek, the Court must interpret the Voting Rights Act in a way that violates the U.S. Constitution.

### B. *Grant*

Plaintiffs filed this case on January 11, 2022, seeking injunctive relief regarding the State's 2021 State Senate and State House of Representatives redistricting plans under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. [Grant Doc. 1]. Specifically, Plaintiffs claim that three additional majority-Black State Senate districts and five additional majority-Black State House districts should have been drawn by the Georgia General Assembly. Plaintiffs also claim that voting is racially polarized in Georgia and that the totality of the circumstances demonstrate

that the redistricting plans result in a denial or abridgement of the rights of Black voters to vote on account of race or color.

Defendants assert that, even if this Court has jurisdiction to hear this case, Plaintiffs have not presented sufficient evidence to support their claims. Specifically, Defendants assert that Plaintiffs' illustrative plans were drawn primarily based on race and thus cannot be used to show additional districts the legislature should have drawn. Further, Defendants assert that Plaintiffs have improperly defined racially polarized voting as only requiring race-based bloc voting in which a white majority voting bloc usually defeats the candidate preferred by a Black minority voting bloc. (*See,* Attachment C-2, *supra*). This definition represents only half the inquiry, as Plaintiffs still must adduce evidence that this voter behavior is occurring "at least plausibly on account of race," *Allen v. Milligan*, 216 L. Ed. 2d 60, 75 (2023), in order to establish *racially* polarized voting as distinct from less insidious voting patterns that are not prohibited by the Voting Rights Act, like *partisan* polarized voting. Defendants also assert that voting in Georgia is equally open to all voters, regardless of race, as demonstrated by the statewide success of candidates of choice of Black voters, the high voter turnout of voters of all races, and the lack of barriers to opportunities to participate in the political process.

Further, Defendants assert that finding for Plaintiffs requires interpreting the Voting Rights Act in a way that calls its constitutionality into question, because the Voting Rights Act's inherently race-based remedies are not justified by present conditions and are not congruent and proportional to the exercise of congressional power under the Fourteenth and Fifteenth Amendments.

Affirmative Defense: Plaintiffs lack constitutional standing to bring this action.

Affirmative Defense: Plaintiffs lack statutory standing to bring this action.

Affirmative Defense: Plaintiffs' federal claims are barred by the Eleventh Amendment to the U.S. Constitution.

Affirmative Defense: Plaintiffs' claims are barred by sovereign immunity.

Affirmative Defense: Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no private right of action.

Affirmative Defense: Plaintiffs' claims are barred because they should be heard by a three-judge panel.

Affirmative Defense: To grant the relief Plaintiffs seek, the Court must interpret the Voting Rights Act in a way that violates the U.S. Constitution.

### C. *Pendergrass*

Plaintiffs filed this case on December 30, 2021, seeking injunctive relief regarding the State's 2021 congressional redistricting plan under Section 2 of the Voting Rights Act, 52 U.S.C. § 10301. [Pendergrass Doc. 1]. Specifically, Plaintiffs claim that one additional majority-Black congressional district should have been drawn by the Georgia General Assembly. Plaintiffs also claim that voting is racially polarized in Georgia and that the totality of the circumstances demonstrate that the congressional redistricting plan results in a denial or abridgement of the rights of Black voters to vote on account of race or color.

Defendants assert that, even if this Court has jurisdiction to hear this case, Plaintiffs have not presented sufficient evidence to support their claims. Specifically, Defendants assert that Plaintiffs' illustrative plan was drawn primarily based on race and thus cannot be used to show an additional district the legislature should have drawn. Further, Defendants assert that Plaintiffs have improperly defined racially polarized voting as only requiring race-based bloc voting in which a white majority voting bloc usually defeats the candidate preferred by a Black minority voting bloc. (*See,* Attachment C-1). This definition represents only half the inquiry, as Plaintiffs still must adduce evidence that this voter behavior is occurring "at least plausibly on

account of race," *Allen v. Milligan*, 216 L. Ed. 2d 60, 75 (2023), in order to establish *racially* polarized voting as distinct from less insidious voting patterns that are not prohibited by the Voting Rights Act, like *partisan* polarized voting. Defendants also assert that voting in Georgia is equally open to all voters, regardless of race, as demonstrated by the statewide success of candidates of choice of Black voters, the high voter turnout of voters of all races, and the lack of barriers to opportunities to participate in the political process.

Further, Defendants assert that finding for Plaintiffs requires interpreting the Voting Rights Act in a way that calls its constitutionality into question, because the Voting Rights Act's inherently race-based remedies are not justified by present conditions and are not congruent and proportional to the exercise of congressional power under the Fourteenth and Fifteenth Amendments.

Affirmative Defense: Plaintiffs lack constitutional standing to bring this action.

Affirmative Defense: Plaintiffs lack statutory standing to bring this action.

Affirmative Defense: Plaintiffs' federal claims are barred by the Eleventh Amendment to the U.S. Constitution.

Affirmative Defense: Plaintiffs' claims are barred by sovereign immunity.

Affirmative Defense: Plaintiffs' claims are barred because Section 2 of the Voting Rights Act provides no private right of action.

Affirmative Defense: Plaintiffs' claims are barred because they should be heard by a three-judge panel.

Affirmative Defense: To grant the relief Plaintiffs seek, the Court must interpret the Voting Rights Act in a way that violates the U.S. Constitution.

II. **All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense in these lawsuits.**

1. *African Am. Voting Rights Legal Def. Fund v. Villa*, 54 F.3d 1345 (8th Cir. 1995)
2. *Ala. State Conference of the NAACP v. Alabama*, No. 2:16-CV-731-WKW [WO], 2020 U.S. Dist. LEXIS 18938 (M.D. Ala. Feb. 5, 2020)
3. *Ala. State Conference of the NAACP v. Alabama*, 949 F.3d 647 (11th Cir. 2020)
4. *Alden v. Maine*, 527 U.S. 706, 715, 119 S. Ct. 2240 (1999)
5. *Allen v. Milligan*, Case No. 21-1086, 2023 WL 3872517 (U.S. June 8, 2023)
6. *Alltel Commc'ns, Inc. v. City of Macon*, 345 F.3d 1219 (11th Cir. 2003)
7. *Alpha Phi Alpha Fraternity v. Raffensperger*, 587 F. Supp. 3d 1222 (N.D. Ga. 2022)
8. *Ark. State Conference NAACP v. Ark. Bd. of Apportionment*, No. 4:21-cv-01239-LPR, 2022 U.S. Dist. LEXIS 29037 (E.D. Ark. Feb. 17, 2022)
9. *Baird v. Indianapolis*, 976 F.2d 357 (7th Cir. 1992)
10. *Bartlett v. Strickland*, 556 U.S. 1 (2009)
11. *Bolden v. Mobile*, 423 F. Supp. 384, 388 (S.D. Ala. 1976)
12. *Bolden v. Mobile*, 571 F.2d 238, 243 (5th Cir. 1978)
13. *Brnovich v. Democratic Nat'l Committee*, 141 S.Ct. 2321 (2021)
14. *Brooks v. Miller*, 58 F.3d 1230 (11th Cir. 1998)

15. *Brown v. Jacobsen*, 590 F. Supp. 3d 1273 (D. Mont. 2022)
16. *Burton v. City of Belle Glade*, 178 F.3d 1175 (11th Cir. 1999)
17. *Bush v. Vera*, 517 U.S. 952, 977 (1996)
18. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)
19. *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265 (1978)
20. *City of Boerne v. Flores*, 521 U.S. 507 (1997)
21. *City of Mobile v. Bolden,* 446 U.S. 55 (1980)
22. *Curling v. Raffensperger*, 50 F.4th 1114 (11th Cir. 2022)
23. *Davis v. Chiles*, 139 F.3d 1414 (11th Cir. 1998)
24. *Earl Old Person v. Brown*, 312 F.3d 1036 (9th Cir. 2002)
25. *Fairley v. Hattiesburg Miss.*, 662 F. App'x 291 (5th Cir. 2016)
26. *Franklin v. Massachusetts*, 505 U.S. 788 (1992)
27. *GA. State Conference of the NAACP v. Fayette Cnty. Bd. of Comm'rs*, 775 F.3d 1336 (11th Cir. 2005)
28. *Gill v. Whitford,* 138 S. Ct. 1916 (2018)
29. *Greater Birmingham Ministries v. Sec'y of Ala.*, 992 F. 3d 1299 (11th Cir. 2021)
30. *Growe v. Emison,* 507 U.S. 25, 40 (1993)
31. *Gonzalez v. City of Aurora*, 535 F.3d 594 (7th Cir. 2008)
32. *Goosby v. Town Bd.*, 180 F.3d (2d Cir. 1999)
33. *Gregory v. Ashcroft*, 501 U.S. 452 (1991)
34. *Holder v. Hall*, 512 U.S. 874 (1994)
35. *Jacobson v. Fla. Sec'y of State*, 957 F.3d 1193 (11th Cir. 2020)
36. *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018)
37. *Johnson v. Bd. of Regents*, 263 F.3d 1234 (11th Cir. 2001)
38. *Johnson v. De Grandy*, 512 U.S. 997 (1994)
39. *Johnson v. DeSoto Cnty. Bd. of Comm'rs*, 204 F.3d 1335 (11th Cir. 2000)
40. *Johnson v. Governor of Fla.*, 405 F.3d 1314 (11th Cir. 2005)
41. *Johnson v. Hamrick*, 296 F.3d 1065 (11th Cir. 2002)
42. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62 (2000)
43. *La. State Conference of the NAACP v. Louisiana*, 490 F. Supp. 3d 982 (M.D. La. 2020)
44. *Lance v. Coffman*, 549 U. S. 437 (2007)

45. *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 999 F.2d 831 (5th Cir. 1993)
46. *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399 (2006)
47. *League of Women Voters of Fla. Inc. v. Fla. Sec'y of State*, 66 F. 4th 905 (11th Cir. 2023)
48. *Lewis v. Alamance County, N.C.*, 99 F.3d 600 (4th Cir. 1996)
49. *Lewis v. Governor of Ala.,* 944 F. 3d 1287 (11th Cir. 2019)
50. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)
51. *Marion v. DeKalb County, Ga.* 821 F. Supp. 685 (N.D. Ga. 1993)
52. *Merrill v. Milligan*, 142 S.Ct. 879 (2022)
53. *Miller v. Johnson*, 515 U.S. 900 (1995)
54. *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139 (2010)
55. *Negron v. City of Miami Beach, Fla.*, 113 F.3d 1563 (11th Cir. 1997)
56. *Nipper v. Smith*, 39 F.3d 1494 (11th Cir. 1994)
57. *Purcell v. Gonzalez*, 549 U.S. 1 (2006)
58. *Raines v. Byrd,* 521 U.S. 811 (1997)
59. *Repub. Nat'l Comm. v. Dem. Nat'l Comm.*, 140 S. Ct. 1205 (2020)
60. *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019)
61. *Simon v. Eastern Ky. Welfare Rights Org.,* 426 U.S. 26 (1976)
62. *Singleton v. Merrill*, 582 F. Supp. 3d 924 (N.D. Ala. 2022)
63. *Solomon v. Liberty Cty.*, 899 F.2d 1012 (11th Cir. 1990)
64. *Solomon v. Liberty Cty. Comm'rs*, 221 F. 3d 1218 (11th Cir. 2000)
65. *Southern Christian Leadership Conference v. Sessions*, 56 F.3d 1281 (11th Cir. 1995)
66. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016)
67. *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999)
68. *Thornburg v. Gingles*, 478 U.S. 30 (1986)
69. *United Jewish Organizations, Inc. v. Carey*, 430 U.S. 144 (1977)
70. *United States v. Chemical Foundation, Inc.*, 272 U.S. 1 (1926)
71. *United States v. Marengo Cnty. Comm'n*, 731 F.2d 1546 (11th Cir. 1984)
72. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464 (1982)
73. *Vecinos De Barrio Uno v. City of Holyoke*, 72 F.3d 973 (1st Cir. 1995)
74. *Voinovich v. Quilter*, 507 U.S. 146 (1993)

75. *Warth v. Seldin*, 422 U.S. 490 (1975)
76. *Whitcomb v. Chavis*, 403 U.S. 124 (1971)
77. *White v. Regester*, 412 U.S. 755 (1983)
78. *Wood v. Raffensperger*, 981 F.3d 1307, 1313 (11th Cir. 2020)
79. *Wright v. Sumter Cty. Bd. of Elections & Registration*, 301 F. Supp. 3d 1297 (M.D. Ga. 2018)
80. O.C.G.A § 21-2-31
81. O.C.G.A. § 21-2-153
82. 52 U.S.C. § 10301
83. Fed. R. Evid. 401
84. Fed. R. Evid. 403
85. Fed. R. Evid. 602
86. Fed. R. Evid. 801
87. Fed. R. Evid. 803
88. Fed. R. Evid. 807
89. Fed. R. Evid. 901
90. U.S. Const. Art. I, Sec. III, Para. 2
91. U.S. Const. Amendment XIV
92. U.S. Const. Amendment XV