# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>*Defendant.* | CIVIL ACTION FILE<br>NO. 1:21-CV-5337-SCJ |
| COAKLEY PENDERGRASS, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>*Defendants.* | CIVIL ACTION FILE<br>NO. 1:21-CV-5339-SCJ |
| ANNIE LOIS GRANT, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*,<br><br>*Defendants.* | CIVIL ACTION FILE<br>NO. 1:22-CV-122-SCJ |

## **DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

Pursuant to Rule 201(b) and 201(c)(2) of the Federal Rules of Evidence, Defendants respectfully ask the Court to take judicial notice of the facts and

information identified in and attached to this motion. "Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement of proof by evidence." *Castang v. Jeong-Eun Kim*, No. 1:22-CV-05136-SCJ, 2023 U.S. Dist. LEXIS 38869, at *1 (N.D. Ga. Feb. 2, 2023) (quoting *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004)). Taking judicial notice of Census data, election returns, and candidates in Georgia is appropriate, relevant for these cases, and will streamline the presentation of evidence at the upcoming trials. While Plaintiffs and Defendants did not reach an agreement to stipulate to these facts, they are appropriate topics for judicial notice under F.R.E. 201.

## FACTS TO BE NOTICED

Defendants seek judicial notice of the following facts, as discussed below:

1. Census data from Table 4b of the U.S. Census Current Population Survey in 2018, 2020, and 2022,[1] which includes:

   a. According to the 2018 Census Current Population Survey, 52.2% of white alone individuals in Georgia reported voting in the 2018 general election, and 56.3% of Black alone individuals in Georgia reported voting in the 2018 general election.

---

[1] Attached as **Exhibits A, B, and C** are the Tables 4b from the Census Current Population Survey in 2018, 2020, and 2022, respectively.

b. According to the 2018 Census Current Population Survey, 51.1% of white alone individuals nationally reported voting in the 2018 general election, and 48.0% of Black alone individuals nationally reported voting in the 2018 general election.

c. According to the 2020 Census Current Population Survey, 64.3% of white alone individuals in Georgia reported voting in the 2020 presidential election, and 62.6% of Black alone individuals in Georgia reported voting in the 2020 presidential election.

d. According to the 2020 Census Current Population Survey, 63.7% of white alone individuals nationally reported voting in the 2020 presidential election, and 58.7% of Black alone individuals nationally reported voting in the 2020 presidential election.

e. According to the 2022 Census Current Population Survey, 55.3% of white alone individuals in Georgia reported voting in the 2022 general election, and 52.7% of Black alone individuals in Georgia reported voting in the 2022 general election.

f. According to the 2022 Census Current Population Survey, 50.6% of white alone individuals nationally reported voting in the 2022 general election and 42.3% of Black alone individuals nationally reported voting in the 2022 general election.

2. That the United States Department of Justice ("DOJ") precleared the state Senate, state House, and congressional districts in 2011 under Section 5 of the Voting Rights Act on the first attempt. *See* Attorney General Press Release, https://law.georgia.gov/press-releases/2011-12-23/justice-approves-georgias-redistricting-plans; Charles Bullock, *The History of Redistricting in Georgia*, 52 Ga. L. Rev. 1057, 1097–98 (Summer 2018).

3. The current partisan makeup of the Georgia Legislature[2]:

    a. As of August 4, 2023, there are 33 Republicans and 23 Democrats in the Georgia State Senate.

    b. As of August 4, 2023, there are 102 Republicans and 78 Democrats in the Georgia State House of Representatives.

4. Facts relating to candidate and election results, which are matters of political history in Georgia[3]:

---

[2] Attached as **Exhibits D and E** are government websites with lists of members of the legislature supporting the facts set forth from which the Court should take judicial notice regarding the partisan makeup of the Georgia legislature.

[3] Attached as **Exhibits F–K** are the election results from the Secretary of State's office and other documents from government websites which support many of the facts set forth in this section from which the Court should take judicial notice regarding candidate and election information.

a. Herschel Walker was opposed in the 2022 Republican Primary election for U.S. Senate by the sitting Agriculture Commissioner, Gary Black, who is white and who had been successfully elected statewide in past statewide elections.

b. Herschel Walker received the highest number of votes in every county in Georgia in the 2022 Republican Primary election for U.S. Senate and won the Republican nomination for U.S. Senate.

c. Fitz Johnson is a Black Republican man who won the 2022 Republican nomination for Public Service Commission District 3 with 1,007,354 votes.

d. United States Senator Raphael Warnock and Herschel Walker are both Black men.

e. Congressman Lucy McBath won the Sixth Congressional District in the 2018 general election over the incumbent, Karen Handel.

f. The Insurance Commissioner for the State of Georgia, John King, is a Latino man and a Republican.

g. Commissioner John King received 2,107,388 votes in the 2022 general election, while his opponent received 1,788,136 votes.

h. Justice Carla McMillian is an Asian-American who has been elected to nonpartisan statewide office in Georgia multiple times.

## ARGUMENT AND CITATION OF AUTHORITY

"Courts can take notice of certain facts without formal proof but only where the fact in question is 'one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (quoting Fed.R.Evid. 201(b)). These facts should be adjudicative, meaning they are "relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc.,* 369 F.3d at 1204; *see also United States v. Mayer*, 760 F. App'x 793, 798 (11th Cir. 2019) ("An adjudicative fact is one that is relevant to a determination of the claims presented in a case.").

Because this Court's inquiry in these cases requires a review of "the totality of circumstances" to determine whether "the political processes leading to nomination or election in the State or political subdivision are not equally open to participation" by all voters, 52 U.S.C. § 10301(b), facts regarding the "political history" of and voting in Georgia are relevant to the issues in this case. *Shahar*, 120 F.3d at 214; *see also Allen v. Milligan*, 143 S. Ct. 1487, 1502-03 (2023); *Thornburg* v. *Gingles*, 478 U. S. 30 (1986).

Each category of facts discussed above is properly the subject of judicial notice. First, the actions of the DOJ related to past redistricting plans are

6

generally known, cannot be reasonably questioned, and are the result of actions of a public agency. *Shahar*, 120 F.3d at 214; *United States v. Howard*, 28 F.4th 180, 186 n.2 (11th Cir. 2022) ("[W]e can take judicial notice of it as a publicly available state agency record.").

Second, Census records are both public agency records, are frequently used in Section 2 cases, and are generally the subject of judicial notice under F.R.E. 201. *Negron v. City of Miami Beach*, 113 F.3d 1563, 1570 (11th Cir. 1997) (upholding use of judicially noticed statistical Census data); *United States v. Phillips*, 287 F.3d 1053, 1055 n.1 (11th Cir. 2002) (taking judicial notice of census data); *Hollis v. Davis*, 941 F.2d 1471, 1474 (11th Cir. 1991) (same); *Moore v. Comfed Sav. Bank*, 908 F.2d 834, 841 n.4 (11th Cir. 1990) (same); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571–72 (5th Cir. 2011) (per curiam) ("United States census data is an appropriate and frequent subject of judicial notice."); *Rose v. Raffensperger*, 584 F. Supp. 3d 1278, 1297 (N.D. Ga. 2022) (taking judicial notice of Census data when Secretary did not object).

Third, items about the political history of Georgia are facts which are not subject to reasonable dispute. F.R.E. 201; *Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-CV-5391-SCJ, 2022 U.S. Dist. LEXIS 179889, at *273 (N.D. Ga. Sep. 30, 2022) (quoting *Shahar*, 120 F.3d at 214) (taking judicial

7

notice of past Black candidates). This includes the names and districts of the members of the legislature. *Alpha Phi Alpha Fraternity v. Raffensperger*, 587 F. Supp. 3d 1222, 1291 n.31 (N.D. Ga. 2022).

Further, while Plaintiffs and Defendants were unable to reach agreement on stipulating to the facts requested for judicial notice in this motion for purposes of the pre-trial order, if Plaintiffs continue to dispute that these facts "are established as true without the normal requirement of proof by evidence," *Castang*, 2023 U.S. Dist. LEXIS 38869, at *1, Plaintiffs "[are] entitled . . . to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc.*, 369 F.3d at 1205.

With these principles in mind, and supported by the documents attached to this motion, Defendants respectfully ask the Court take judicial notice of the above-listed facts as either "facts… 'generally known within the territorial jurisdiction of the trial court,'" *Dippin' Dots, Inc.*, 369 F.3d at 1204 (quoting Fed. R. Evid. 201(b)), and as facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," *Castang*, 2023 U.S. Dist. LEXIS 38869, at *1.

Respectfully submitted this 4th day of August, 2023.

                        Christopher M. Carr
                        Attorney General
                        Georgia Bar No. 112505
                        Bryan K. Webb
                        Deputy Attorney General
                        Georgia Bar No. 743580
                        Russell D. Willard
                        Senior Assistant Attorney General
                        Georgia Bar No. 760280
                        Elizabeth Vaughan
                        Assistant Attorney General
                        Georgia Bar No. 762715
                        **State Law Department**
                        40 Capitol Square, S.W.
                        Atlanta, Georgia 30334

                        */s/ Bryan P. Tyson*
                        Bryan P. Tyson
                        Special Assistant Attorney General
                        Georgia Bar No. 515411
                        btyson@taylorenglish.com
                        Frank B. Strickland
                        Georgia Bar No. 687600
                        fstrickland@taylorenglish.com
                        Bryan F. Jacoutot
                        Georgia Bar No. 668272
                        bjacoutot@taylorenglish.com
                        Diane Festin LaRoss
                        Georgia Bar No. 430830
                        dlaross@taylorenglish.com
                        Donald P. Boyle, Jr.
                        Georgia Bar No. 073519
                        dboyle@taylorenglish.com
                        Daniel H. Weigel
                        Georgia Bar No. 956419
                        dweigel@taylorenglish.com

**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Motion has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson
