# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., *et al.*, <br>     *Plaintiffs*, <br> v. <br> BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia, <br>     *Defendant*. | CIVIL ACTION FILE <br> NO. 1:21-CV-5337-SCJ |
| COAKLEY PENDERGRASS, *et al.*, <br>     *Plaintiffs*, <br> v. <br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br>     *Defendants*. | CIVIL ACTION FILE <br> NO. 1:21-CV-5339-SCJ |
| ANNIE LOIS GRANT, *et al.*, <br>     *Plaintiffs*, <br> v. <br> BRAD RAFFENSPERGER, in his official capacity as the Georgia Secretary of State, *et al.*, <br>     *Defendants*. | CIVIL ACTION FILE <br> NO. 1:22-CV-122-SCJ |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR JUDICIAL NOTICE

This brief reply addresses all three of Plaintiffs' responses opposing

Defendants' Motion for Judicial Notice. [*APA* Doc. No. 279]; [*Grant* Doc. No.

240]; [*Pendergrass* Doc. No. 228]. Plaintiffs argue that Defendants' motion should be denied "to the extent it asks the Court to take judicial notice of (1) Census data from Table 4b of the U.S. Census Current Population Survey in 2018, 2020, and 2022; (2) the partisan makeup of the current Georgia state legislature; and (3) the success of non-Black candidates in statewide elections." [*Grant* Doc. No. 240 at 2].[1] The Court should reject Plaintiffs' arguments in opposition and take judicial notice of the facts and information identified in and attached to Defendants' motion for two reasons.

*First,* Plaintiffs' arguments in opposition admit that the Census data about which Defendants seek judicial notice is appropriately a topic of judicial notice. Indeed, Plaintiffs reference *their own experts* using the identical Census data. [*APA* Doc. No. 279 at 6-7]. If here, as in *Johnson v. DeSoto Cty. Bd. of Comm'rs*, 204 F.3d 1335 (11th Cir. 2000)—cited and relied on by Plaintiffs— "[n]o one challenges the initial accuracy of the…census" data, *id.* at 1341, then there is likewise no dispute that the census data here is appropriate for judicial notice under F.R.E. 201.

---

[1] In response to Defendants' motion for judicial notice, "[t]he *Alpha Phi Alpha* plaintiffs join[ed] in the relief sought by the *Pendergrass* and *Grant* plaintiffs, and incorporate by reference the arguments made in those filings." [*APA* Doc. No. 279 at 2, n.1]. *Alpha Phi Alpha* Plaintiffs opposed judicial notice of the same types of information as the *Grant* and *Pendergrass* Plaintiffs.

2

Plaintiffs devote much of their responses to complaining about the accuracy of the Census data in the Current Population Survey (CPS). [*APA* Doc. No. 279 at 3–7]; [*Grant* Doc. No. 240 at 3–6]; [*Pendergrass* Doc. No. 228 at 3–6]. But Plaintiffs remain free, as was done in *Johnson,* to present arguments against the *weight* the Court should apply to any Census data at trial. *See Johnson*, 204 F.3d at 1341 ("No one challenges the initial accuracy of the 1990 census; the trial, however, was in 1998. At trial, Defendants pointed to the lapse of time since the census and to the changed circumstances. The presumption is that census figures are continually accurate. But this presumption is not irrebutable."). But this is irrelevant to whether the Court should judicially notice the Census data in the first instance. And despite Plaintiffs' complaints about which racial categories should be included, the tables attached to the motion include all the various racial categories from the CPS.[2]

*Second*, Plaintiffs' opposition does not dispute the "accuracy," *see id.*, of the facts reflecting the partisan makeup of the current Georgia state

---

[2] While *APA* Plaintiffs complain that the Current Population Survey (CPS) includes errors because it is a survey [*APA* Doc. No. 279 at 4], this is also true of the American Community Survey (ACS) and other Census products. *See, e.g.*, https://www.census.gov/programs-surveys/acs/technical-documentation/user-notes/2022-04.html

legislature and the success of non-Black candidates statewide in Georgia. Instead, Plaintiffs contend these facts are not relevant or are not part of the case. [*APA* Doc. No. 279 at 8]; [*Grant* Doc. No. 240 at 7]; [*Pendergrass* Doc. No. 228 at 7]. But while Plaintiffs rely on the Court concluding "an inquiry into voter preferences as it relates to the race of the candidate is not *necessary* to prove the second and third *Gingles* preconditions," [*Grant* Doc. No. 240 at 8, n.2 (emphasis added)], they ignore the reality that the facts are relevant to the Court's consideration of all relevant evidence related to Georgia's election system as part of its totality-of-the-circumstances inquiry.

As this Court noted in its Order denying the parties' cross motions for summary judgment:

> "Voting rights cases are inherently fact intensive[.]" *Nipper v. Smith*, 39 F.3d 1494, 1498 (11th Cir. 1994). This is especially true in:
>
>> [S]ection 2 vote dilution claims alleging that, due to the operation of a challenged voting scheme, minority voters are denied an equal opportunity to participate in the political process and to elect representatives of their choice. In such cases, courts must conduct a "searching practical evaluation of the 'past and present reality'" of the electoral system's operation.
>
> *Id*. (quoting *Gingles*, 478 U.S. at 45).

[*APA* Doc. No. 268 at 19].

4

Thus, the facts sought to be noticed is relevant to "whether the past and present realities result in a lack of an equal opportunity for minorities to participate in the electoral process on account of race." [*Grant* Doc. No. 229 at 59]. This is because the key question in these cases is whether voting "is 'equally open' and affords equal 'opportunity.'" *Brnovich v. Democratic Nat'l Comm.*, 141 S. Ct. 2321, 2338 (2021), *accord Allen v. Milligan*, 143 S. Ct. 1487 (2023) ("Section 2 requires that the political processes be 'equally open.'").

Accordingly, none of the Plaintiffs' arguments seriously dispute that the facts and information Defendants request the Court take judicial notice of are "not seriously open to dispute" and may be considered as "established as true without the normal requirement of proof by evidence." *Castang v. Jeong-Eun Kim*, No. 1:22-CV-05136-SCJ, 2023 U.S. Dist. LEXIS 38869, at *1 (N.D. Ga. Feb. 2, 2023) (quoting *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004)). Plaintiffs similarly do not convincingly dispute that the facts requested in Defendants' motion are "adjudicative," that is, "relevant to a determination of the claims presented in a case," *Dippin' Dots, Inc.,* 369 F.3d at 1204, because in a Section 2 case this Court must review the totality of the circumstances related to election practices in the jurisdiction. Rather, all of Plaintiffs' arguments in opposition to Defendants' motion go to

the *weight* of the evidence, not whether the Court should take judicial notice under F.R.E. 201 in the first place.

Accordingly, the Court should grant Defendants' motion and take judicial notice of the facts and information contained in it.

Respectfully submitted this 18th day of August, 2023.

>Christopher M. Carr
>Attorney General
>Georgia Bar No. 112505
>Bryan K. Webb
>Deputy Attorney General
>Georgia Bar No. 743580
>Russell D. Willard
>Senior Assistant Attorney General
>Georgia Bar No. 760280
>Elizabeth Vaughan
>Assistant Attorney General
>Georgia Bar No. 762715
>**State Law Department**
>40 Capitol Square, S.W.
>Atlanta, Georgia 30334
>
>*/s/ Bryan P. Tyson*
>Bryan P. Tyson
>Special Assistant Attorney General
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Frank B. Strickland
>Georgia Bar No. 687600
>fstrickland@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com
>Diane Festin LaRoss

Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.
Georgia Bar No. 073519
dboyle@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com
**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Reply Brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

<i><u>/s/Bryan P. Tyson</u></i><br>
Bryan P. Tyson