IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br><br>    *Defendant*. | CIVIL ACTION FILE<br>NO. 1:21-CV-5337-SCJ |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

### INTRODUCTION

After opposing Defendant's motion to take judicial notice of data from the U.S. Census because they said it was "'subject to reasonable dispute' . . . from a source whose accuracy can 'reasonably be questioned,'" [Doc. 279, p. 3], *Alpha Phi Alpha* Plaintiffs now seek to have this Court take judicial notice of an unbuilt highway—proposed nearly 20 years ago, that has not yet received any construction funding—because they say the *proposed* route "will connect communities that would share representation under the illustrative state legislative maps Plaintiffs submitted in this case." [Doc. 283, p. 2]. Because "'[i]ndisputability is a prerequisite' to judicial notice," [Doc. 284, p. 3] (quoting *Grayson v. Warden, Comm'r, Alabama DOC*, 869 F.3d 1204, 1225

(11th Cir. 2017), and because the route of a theoretical highway is irrelevant to the claims and defenses in this case, this Court should deny Plaintiffs' Motion.

## FACTUAL BACKGROUND

Plaintiffs propose this Court take judicial notice of an amendment to a bill passed by Congress almost two years ago.[1] As Plaintiffs note, H.R. 3684 was signed into law on November 15, 2021.[2] Despite this bill passing almost two years ago, Plaintiffs' mapdrawing expert never mentioned this proposed highway. Further, Plaintiffs listed several documents they rely on in their Motion on their exhibit list and Defendant objected to those documents based on relevance and hearsay. *See* [Doc. 275-1, p. 43] (Exs. 320 and 322).

The highway referenced in the Warnock-Cruz Amendment to H.R. 3684 was proposed at least as far back as 2005, when Sens. Isakson and Chambliss proposed studying an interstate "that would link Augusta, Macon, and

---

[1] While not required, Defendant had no prior notice of Plaintiffs' attempt to judicially notice these facts, unlike the facts Defendant sought to judicially notice, which had first been proposed as stipulated facts but rejected by Plaintiffs. Plaintiffs also filed their motion on August 22, 2023, which would have made Defendant's response due on the first day of trial if this Court had not accelerated the response time.

[2] *See* https://www.congress.gov/bill/117th-congress/house-bill/3684/text

Columbus, Georgia."[3] During the intervening time, the highway has not been built, and the proposed amendment that was passed in 2021 does not provide funding.[4]

Further, the text of the legislation seems to contradict the facts Plaintiffs request this Court notice. Plaintiffs request the Court notice that the proposed highway will "*connect* Macon, Milledgeville, Wrens, and Augusta, Georgia." [Doc. 283, p. 2] (emphasis added). But the text of the legislation cited by Plaintiffs[5] indicates that the proposed highway route goes "*near* Milledgeville" and would "*bypass* Wrens." *Id*. at pp. 8–9 (emphasis added). In any case, without the necessary environmental impact studies, geological studies, and other realities that could alter the expected route, Plaintiffs rely at most on legislative language about the potential route of a not-yet-built road.

---

[3] Sen. Johnny Isakson, U.S. Senator for Georgia, Press Release, "Chambliss, Isakson Seek to Include Study of Two Proposed New Interstates in National Highway Funding Bill," April 28, 2005, https://web.archive.org/web/20110927071306/http:/isakson.senate.gov/press/2005/042805interstates.htm

[4] *See* http://www.gulfcoaststrategichighway.org/#:~:text=Congressional%20designation%20of%20the%20Interstate,the%202021%20bipartisan%20infrastructure%20bill ("The IIJA does not include federal funding allocations for projects on any new interstates including the I-14 System.").

[5] https://www.warnock.senate.gov/wp-content/uploads/2021/08/I-14-Warnock-Cruz-text.pdf

## ARGUMENT AND CITATION OF AUTHORITY

As this Court earlier explained when it granted judicial notice to several facts sought by Defendant:

> "[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process . . . [and] would bypass[ ] the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1307 (11th Cir. 2022) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc)). Pursuant to Rule 201 of the Federal Rules of Civil Procedure, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). "Indisputability is a prerequisite" to judicial notice. *Grayson v. Warden, Comm'r, Alabama Doc*, 869 F.3d 1204, 1225 (11th Cir. 2017) (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

[Doc. 284, pp. 2–3].

### I. The proposed route of a theoretical highway is not generally known and can be reasonably questioned.

Plaintiffs request this Court take judicial notice of the proposed route of a theoretical highway that does not currently exist, is not funded, and has been the subject of discussion by Georgia lawmakers for nearly 20 years. While Plaintiffs' Motion cites cases relating to judicial notice of maps with *existing* locations, including the Eleventh Circuit's decision in *United States v. Proch,* 637 F.3d 1262, 1266 n.1 (11th Cir. 2011) and *Cobb Theatres III, LLC*

*v. AMC Entm't Holdings, Inc.*, 101 F. Supp. 3d 1319, 1329 (N.D. Ga. 2015), Plaintiffs never identify how those cases support taking judicial notice of *unbuilt* roads.

As discussed above, the text of the legislation discusses bypassing some of the very communities Plaintiffs ask this Court to notice would be connected but at the very least, the final route is not yet set. Further, the road remains unbuilt and no funding was appropriated by the amendment Plaintiffs rely on. Thus, the accuracy of whether certain communities are in fact "connected" on this proposed highway, as Plaintiffs claim, can reasonably be questioned, making the proposed highway route an inappropriate topic for judicial notice.

## II. Plaintiffs make assumptions about relevance that are not supported by their claims.

Plaintiffs also overstate whether the facts about which they seek notice "are relevant to a determination of the claims presented in a case." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). While Voting Rights Act cases must consider the totality of the circumstances, Plaintiffs ask this Court to *assume* a number of facts to make their claims about an unbuilt highway relevant to the case, in addition to

essentially overruling Defendant's objections to some of the documents on which they rely. [Doc. 275-1, p. 43] (Exs. 320 and 322).

Plaintiffs claim that "interests shared by communities in the eastern Black Belt of Georgia are directly relevant to this case." [Doc. 283, p. 4]. But reaching this question requires this Court to assume facts Plaintiffs' own experts did not. For example, Mr. Cooper agreed that there was no uniform definition of the Black Belt (let alone an eastern portion of it): "I mean as they make clear at outset, there is no uniform definition for the Black Belt, so I'm speaking in very general terms when I refer to eastern Black Belt and western Black Belt." [Doc. 221 (Cooper Dep.) at 83:21–24]. Further, Mr. Cooper relied on a number of counties that are completely unrelated to the proposed route of I-14 as being part of the Black Belt when creating his illustrative plans. *Id.* at 81:3–25 (identifying Savannah, Athens, and Brunswick as communities within his definition of the Black Belt for purposes of mapdrawing).

Thus, Plaintiffs' primary argument for relevance—that the proposed route shows shared interests of communities in the eastern Black Belt— requires this Court to assume a definition Plaintiffs' own expert did not utilize. And Plaintiffs' expert makes no reference to relying on this particular highway when considering the creation of his illustrative plans, so relying on

6

the proposed route would be a post-hoc justification for the plan that was not considered by the mapdrawer.

Thus, there is no relevance to the totality of circumstances and Plaintiffs' Motion is an attempt by Plaintiffs to have this Court judicially notice facts that their own expert did not rely on as a way to bolster their case while also avoiding Defendant's objections to some of those documents. This Court should consider the testimony at trial on relevant communities, not short-circuit that process by judicially noticing facts whose accuracy can be questioned and whose relevance to this case is non-existent or only extant if this Court assumes definitions Plaintiffs' own expert did not.

## CONCLUSION

Because Plaintiffs' proposed facts are not supported by the sources on which they rely, can be reasonably questioned, and are irrelevant to the issues in this case, this Court should deny Plaintiffs' Motion for Judicial Notice.

Respectfully submitted this 28th day of August, 2023.

> Christopher M. Carr
> Attorney General
> Georgia Bar No. 112505
> Bryan K. Webb
> Deputy Attorney General
> Georgia Bar No. 743580

>Russell D. Willard
>Senior Assistant Attorney General
>Georgia Bar No. 760280
>Elizabeth Vaughan
>Assistant Attorney General
>Georgia Bar No. 762715
>**State Law Department**
>40 Capitol Square, S.W.
>Atlanta, Georgia 30334
>
>*/s/ Bryan P. Tyson*
>Bryan P. Tyson
>Special Assistant Attorney General
>Georgia Bar No. 515411
>btyson@taylorenglish.com
>Frank B. Strickland
>Georgia Bar No. 687600
>fstrickland@taylorenglish.com
>Bryan F. Jacoutot
>Georgia Bar No. 668272
>bjacoutot@taylorenglish.com
>Diane Festin LaRoss
>Georgia Bar No. 430830
>dlaross@taylorenglish.com
>Donald P. Boyle, Jr.
>Georgia Bar No. 073519
>dboyle@taylorenglish.com
>Daniel H. Weigel
>Georgia Bar No. 956419
>dweigel@taylorenglish.com
>**Taylor English Duma LLP**
>1600 Parkwood Circle
>Suite 200
>Atlanta, GA 30339
>Telephone: 678-336-7249
>
>*Counsel for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson
