IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al.,<br>  Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br>  Defendant. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5337-SCJ |
| COAKLEY PENDERGRASS et al.,<br>  Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER et al.,<br>  Defendants. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5339-SCJ |
| ANNIE LOIS GRANT et al.,<br>  Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER et al.,<br>  Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-CV-122-SCJ |

## ORDER

This matter appears before the Court on Alpha Phi Alpha Plaintiffs' Motion to Take Judicial Notice. Alpha Phi Alpha Doc. No. [283][1]. Defendant responded in opposition, and the Pendergrass and Grant Plaintiffs offered no opinion. Alpha Phi Alpha Doc. No. [288]; Pendergrass Dkt. [237]; Grant Dkt. [249]. The Court now rules on the Motion.

"[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process ... [and] would bypass[ ] the safeguards which are involved with the usual process of proving facts by competent evidence in district court." Carrizosa v. Chiquita Brands Int'l, Inc., 47 F.4th 1278, 1307 (11th Cir. 2022) (quoting Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (en banc)). Pursuant to Rule 201 of the Federal Rules of Civil Procedure, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). "Indisputability is a

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

prerequisite" to judicial notice. Grayson v. Warden, Comm'r, Alabama Doc, 869 F.3d 1204, 1225 (11th Cir. 2017) (quoting United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)).

Plaintiffs ask the Court to take judicial notice of (1) "[t]he Infrastructure Investment and Jobs Act (H.R. 3684), . . . designates an expansion of Interstate 14 from Texas through Georgia" and (2) "[t]he 'Middle Georgia Corridor' section of the newly expanded Interstate 14 will run from Columbus to Augusta-Richmond County, and connect Macon, Milledgeville, Wrens, and Augusta, Georgia." Alpha Phi Alpha Doc. No. [283], 2.

Defendant opposes the Motion because the route of Interstate 14 can be reasonably questioned because it has not been constructed, and the Alpha Phi Alpha Plaintiffs failed to show the relevance of H.R. 3684 to the issues in their case. Doc. No. [288], 5-8.

The Court **DENIES** Alpha Phi Alpha Plaintiffs' Motion for Judicial Notice. The Court finds that the requested facts, at this time, do not concern adjudicative facts. "[A]djudicative facts are facts that are relevant to a determination of the claims presented in a case." Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC, 369 F.3d 1197, 1204 (11th Cir. 2004). Alpha Phi Alpha Plaintiffs argued that the Cruz-

Warnock Amendment "is relevant to this case" because of "the interests shared by the communities in the Black Belt." Doc. No. [283], 5.

At this time, the Court finds that the proper foundation has not been laid to show relevance. The Court notes that it and other district courts have evaluated the existence of existing thoroughfares when determining whether there is a community of interest. See Alpha Phi Alpha Fraternity, Inc. v. Raffensperger, 587 F. Supp. 3d 1222, 1263 (N.D. Ga. 2022); Caster v. Merrill, 2:21-cv-1536-AMM, 2022 WL 264819, at *42 (N.D. Ala. Jan. 24, 2022)). However, as Defendant argued, Interstate 14 is not yet in existence. Doc. No. [288], 3–4. Alpha Phi Alpha Plaintiffs cite various courts taking judicial notice of exiting roadways; however, they do not cite to any courts that took judicial notice of proposed roadways. Additionally, Alpha Phi Alpha Plaintiffs' Motion does not sufficiently lay the foundation for showing that the existence of a Congressional Act authorizing the construction of a road alone is relevant to determining the claims presented in the case. Accordingly, the Court declines to take judicial notice of (1) "[t]he Infrastructure Investment and Jobs Act (H.R. 3684), . . . designates an expansion of Interstate 14 from Texas through Georgia" and (2) "[t]he 'Middle Georgia Corridor' section of the newly expanded Interstate 14 will run from

Columbus to Augusta-Richmond County, and connect Macon, Milledgeville, Wrens, and Augusta, Georgia."[2]

For the foregoing reasons, the Court **DENIES** Alpha Phi Alpha Plaintiffs' Motion to Take Judicial Notice. Alpha Phi Alpha Doc. No. [283].

**IT IS SO ORDERED** this __30th__ day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court declines to take judicial notice of these facts, this determination is not a ruling on the ultimate relevance of these facts at trial. During the course of the trial, the Alpha Phi Alpha Plaintiffs may be able to lay the proper foundation for relevance of this evidence.