# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **ALPHA PHI ALPHA FRATERNITY INC., et al.,**<br>　　**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,**<br>　　**Defendant.** | **CIVIL ACTION FILE**<br><br>**No. 1:21-CV-5337-SCJ** |
| **COAKLEY PENDERGRASS et al.,**<br>　　**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER et al.,**<br>　　**Defendants.** | **CIVIL ACTION FILE**<br><br>**No. 1:21-CV-5339-SCJ** |
| **ANNIE LOIS GRANT et al.,**<br>　　**Plaintiffs,**<br><br>**v.**<br><br>**BRAD RAFFENSPERGER et al.,**<br>　　**Defendants.** | **CIVIL ACTION FILE**<br><br>**No. 1:22-CV-122-SCJ** |

## ORDER

The Court issues the following rulings on the deposition designations and objections that were filed by the Parties in the respective cases.

### A.   Annie Lois Grant Deposition

- <u>Grant</u> Plaintiffs object to 26:20–27:24 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 29:23–31:6 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 31:19–33:10 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system

2

and bias. The Court **OVERRULES** the objection as to 31:19–22 and 33:1–9 because it is relevant. The Court **SUSTAINS** the objection as to 31:23–32:25 because this testimony is not relevant to the overall inquiry into the openness of Georgia election systems.

- Grant Plaintiffs object to 57:5–8 on the grounds that the testimony is not relevant, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is based on the witness's personal knowledge. The Court **OVERRULES** the relevance and legal conclusion objections. The Court finds that this testimony is relevant. The Court **OVERRULES** the Grant Plaintiffs' rule of completeness[1] argument as moot. See below.

---

[1] "The rule of completeness also applies to oral statements through Federal Rule of Evidence 611." Commodity Futures Trading Comm'n v. Fintech Invest. Group, Inc., No. 6:20-cv-652-WWB-EJK, 2022 WL 4585537, at *2 (M.D. Fla. Jan. 26, 2022) (citing United States v. Pacquette, 557 F. App'x 993., 936 (11th Cir. 2014)); Fed. R. Evid. 106, cmts. to 1972 Proposed Rules & 2023 Amendments; see also 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 1:44 (citing  Westinghouse Elec. Corp. v. Wray Equip. Corp., 286 F.2d 491, 494 (1st Cir. 1961)) ("The rule of completeness obviously applies to depositions . . . [and] seeks to avoid 'misinterpretations from selective use of deposition

- Defendants object to 57:13–16; 57:20–58:3; 58:8–9; 58:21–62:5 on the ground that testimony is speculation, lacks personal knowledge, is hearsay, calls for a legal conclusions, is argumentative and introduces improper lay opinions. <u>Grant</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experiences, and observations. It is not argumentative, offers proper lay witness testimony, an completes the line of questioning. The Court **OVERRULES** the objections as to 57:13–16, 57:20–25, 58:1–3, 58:8–9, 58:21–59:4, 59:5–25 because the testimony is a proper lay witness opinion and is based on the witness's personal knowledge. The Court **SUSTAINS** the objections as to 59:4–5[2], 60:1–62:5 because these statements exceed the scope of the witness's personal knowledge, make impermissible legal conclusions, and at times is speculative.

---

testimony,' . . . the opposing party is entitled to show 'the context of any statement.'").

[2] The Court **SUSTAINS** the objection as it relates to the phrase "and I know quite a few of them did contact the State." 59:4–5. This phrase is excluded as hearsay.

4

- <u>Grant</u> Plaintiffs object to 63:20–23 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and based on the witness's personal knowledge. The Court **OVERRULES** the objections because this testimony is relevant and is not a legal conclusion.

- <u>Grant</u> Plaintiffs object to 65:13–23 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant and is not a legal conclusion.

B.      **<u>Jacqueline Arbuthnot Deposition</u>**

- <u>Grant</u> Plaintiffs object to 8:9–21 on the grounds that the testimony is not relevant and is speculative. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is

5

relevant and is proper lay witness testimony that is based on the witness's knowledge about her ability to register and participate in the democratic process.

- <u>Grant</u> Plaintiffs object to 9:16–19 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 10:21–11:6 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant and is not a legal conclusion.

- <u>Grant</u> Plaintiffs object to 12:17–20 on the grounds that the testimony is not relevant and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the

election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant. <u>Grant</u> Plaintiffs' rule of completeness argument, as to 12:21–13:3 is **OVERRULED** as moot. <u>See</u> below.

- Defendants object to 12:21–13:3 on the grounds that the testimony is speculative. <u>Grant</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations, and it completes the testimony from 12:17–20. The Court **OVERRULES** the objection. The Court finds that this testimony is based on the witness's personal knowledge about her reasons for supporting Democrat candidates rather than Republican candidates.

C.    <u>**Jaquelyn Bush Deposition**</u>

- <u>Grant</u> Plaintiffs object to 18:22–19:1 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

7

- <u>Grant</u> Plaintiffs object to 19:19–20:1 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 27:25–28:17 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, based upon the witness's personal knowledge, and not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a lay witness opinion that is based on the witness's personal knowledge about her ability to register and participate in the democratic process.

- <u>Grant</u> Plaintiffs object to 29:14–23 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is based on the witness's personal

knowledge. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant and is not a legal conclusion.

**D.**     **Mary Neil Connor Deposition**

- Grant Plaintiffs object to 16:10–14 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- Grant Plaintiffs object to 16:24–17:4 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- Grant Plaintiffs object to 23:17–24:7 on the grounds that the testimony is not relevant, speculative, a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds

9

that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Grant</u> Plaintiffs' rule of completeness argument, relating to 25:3–26:20, is **OVERRULED** as moot. <u>See</u> below.

- Defendants object to 25:3–26:20 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, and hearsay. <u>Grant</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The Court **OVERRULES** the objection. The Court finds that this testimony is a lay witness opinion that is based on the witness's personal knowledge. Defendants' hearsay objection is also overruled because the statements of out-of-court declarants is not being used for its truth, rather the effect that it has on the listener. Fed. R. Civ. P. 801.

- <u>Grant</u> Plaintiffs object to 26:21–24 on the grounds that the testimony is not relevant, speculative, calls for a legal conclusion, and offers an incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system,

10

based upon the witness's personal knowledge, and not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. The Court **OVERRULES** the <u>Grant</u> Plaintiffs' rule of completeness objection relating to 28:1–16 because it is not necessary for a complete understanding of the testimony and does not result in a misimpression of the proffered testimony. The Court **OVERRULES** the objections relating to 26:25–27:25, as moot. <u>See</u> below.

- Defendants object to 26:25–28:16 on the grounds that the testimony is speculative, is not based on the witness's personal knowledge, and is hearsay. The Court **OVERRULES** the objections as they relate to 26:25–27:25. The testimony is a lay witness opinion that is based on the witness's personal knowledge and does not rely on hearsay statements. The Court **SUSTAINS** the objections as they relate to 28:1–16. The Court finds that this testimony is speculative and is not based on the witness's personal knowledge.

11

E.     **Elroy Tolbert**

- <u>Grant</u> Plaintiffs object to 17:12–16 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 18:7–12 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 26:12–27:3 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Grant</u> Plaintiffs' rule of completeness

12

argument is **OVERRULED**, related to 27:14–28:4, as moot. <u>See</u> below.

- Defendants object to 27:14–28:4 on the grounds that the testimony is speculative, is not based on the witness's personal knowledge, and is hearsay. <u>Grant</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The Court **OVERRULES** the objection. The Court finds that this testimony is a lay witness opinion that is based on the witness's personal knowledge. Defendants' hearsay objection is also overruled because any statements of out-of-court declarants are not being used for their truth, rather they relate to the effect that they had on the listener. Fed. R. Civ. P. 801.

- <u>Grant</u> Plaintiffs object to 28:9–29:9 on the grounds that the testimony is not relevant, speculative, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant a lay witness opinion that is based on

13

the witness's personal knowledge. <u>Grant</u> Plaintiffs' rule of completeness argument, related to 27:14–28:4 is **OVERRULED** as moot. <u>See</u> below.

**F.**     <u>**Eunice Sykes Deposition**</u>

- <u>Grant</u> Plaintiffs object to 26:9–13 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 26:23–27:7 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 39:20–40:2 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The

14

Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

**G.** **Elbert Solomon Deposition**

- <u>Grant</u> Plaintiffs object to 27:18–30:20 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection as they relate to 27:18–29:1 and 30:11–20. The Court finds that this testimony is relevant to the witness's bias. The Court **SUSTAINS** the objections as they relate to 29:2–30:10 because they are not relevant to the Section 2 inquiry and do not probe the witness's bias.

- <u>Grant</u> Plaintiffs object to 51:10–51:12 on the grounds that the testimony is not relevant, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this

testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Grant</u> Plaintiffs' rule of completeness argument related to 51:13–52:3 is **OVERRULED** as moot. <u>See</u> below.

- Defendants object to 51:13–52:3 on the grounds that the testimony is speculative, is not based on the witness's personal knowledge, is argumentative, is an improper lay witness opinion, and is hearsay. <u>Grant</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The testimony offers proper lay witness opinions and completes the line of questioning from 50:10–51:12. The Court **OVERRULES** the objections. The Court finds that this testimony is a lay witness opinion that is based on the witness's personal knowledge. Defendants' hearsay objection is also overruled because any statements of out-of-court declarants are not being used for their truth, rather the effect that they had on the listener and the witness's actions after receiving the information. Fed. R. Civ. P. 801.

- <u>Grant</u> Plaintiffs object to 60:23–61:7 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants

16

respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant and lay witness opinion that is based on the witness's personal knowledge.

**H.**     <u>**Garrett Reynolds Deposition**</u>

- <u>Grant</u> Plaintiffs object to 19:9–20:5 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 30:21–31:5 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 32:4–10 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is

17

relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 33:3–11 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 46:9–22 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant and lay witness opinion that is based on the witness's personal knowledge.

- <u>Grant</u> Plaintiffs object to 49:7–18 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the

issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

I. <u>**Quentin Howell Deposition**</u>

- <u>Grant</u> Plaintiffs object to 26:16–27:14 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection as it relates to 27:4–14 because this testimony is relevant to the witness's bias. The Court **SUSTAINS** the objection as it relates to 26:16–27:3. The Court finds that this testimony is not relevant either to the Section 2 inquiry or the witness's bias.

- <u>Grant</u> Plaintiffs object to 42:25–44:10 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

19

- Defendants object to 60:15–62:25 on the grounds that the testimony calls for a legal conclusion. <u>Grant</u> Plaintiffs did not object to striking the testimony. The Court **SUSTAINS** the objection because it is unopposed.

- <u>Grant</u> Plaintiffs object to 69:1–7 on the grounds that the testimony is not relevant, speculative, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to Senate Factor One, is a fact based on the witness's personal knowledge, and is not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

- Defendants objection to 69:8–21 on the grounds that it calls for a legal conclusion regarding the alleged discriminatory effect of SB 202. <u>Grant</u> Plaintiffs respond arguing that it reveals the witness's personal beliefs. The Court **OVERRULES** the objection because the witness is offering a lay witness opinion about facts that are within the witness's personal knowledge.

20

- <u>Grant</u> Plaintiffs object to 79:21–80:17 on the grounds that the testimony is not relevant, is speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to Senate Factor Five, it is a fact based on the witness's personal knowledge, and it is not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

**J.**   <u>**Dexter Wimbish Deposition**</u>

- <u>Grant</u> Plaintiffs object to 20:2–7 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and explains voting behavior. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 32:6–13 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and explains

voting behavior. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Grant</u> Plaintiffs object to 56:19–57:6 on the grounds that the testimony is not relevant, is speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to openness of the election and bias, is a fact based on the witness's personal knowledge, and it is not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

- <u>Grant</u> Plaintiffs object to 57:10–13 on the grounds that the testimony is not relevant, is speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to openness of the election and bias, is a fact based on the witness's personal knowledge, and it is not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

- <u>Grant</u> Plaintiffs object to 60:9–19 on the grounds that the testimony is not relevant, is speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to openness of the election and bias, is a fact based on the witness's personal knowledge, and it is not a legal conclusion. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

## K.   **Janice Stewart Deposition**

- Defendant object to 43:16–19 on the grounds that the testimony the testimony is incomplete without 47:20–48:16. The Court **SUSTAINS** Defendants' rule of completeness argument, accordingly, the Court will consider 43:16–44:1.

## L.   **Eric Woods Deposition**

- Defendant object to 46:3–47:8 on the grounds the testimony is speculative, not based on personal knowledge, and that 47:9–48:7 must also be included under the rule of completeness. The Court **OVERRULES** the speculation objection because the testimony

relates to the witness's specific knowledge. The Court **SUSTAINS** the objection regarding the rule of completeness. Accordingly, the Court will consider 46:3–48:7.

- Defendant object to 48:8–49:9 on the grounds that the testimony is speculative, calls for a legal conclusion, and is based on hearsay. The Court **SUSTAINS** the objections as they relate to 48:8–20. The Court **OVERRULES** the objections as they relate to 48:21–49:9. The Court finds that the witness's testimony is based on his knowledge and that it is not based on hearsay because there is no out-of-court statement.

- Defendant objects to 53:8–55:3 on the grounds that it is incomplete, is speculative, and is based on hearsay. The Court **SUSTAINS** the objections as they relate to 54:2–23. The Court **SUSTAINS** the rule of completeness objection and will also consider 55:4–15. The Court **OVERRULES** the speculation and hearsay objections, the information is based on the witness's personal knowledge. Although, the witness mentions that he read the Atlanta Journal Constitution, he also states that his statements are based upon his

24

personal experience as a volunteer. Accordingly, the Court finds that the witness's statements were based upon his personal experiences and are not hearsay.

**M.**     **Katie Bailey Glenn Deposition**

- Defendant object to 44:14–45:14 on the grounds that the testimony the testimony is incomplete without 47:20–48:16. The Court **SUSTAINS** Defendants' rule of completeness argument, accordingly, the Court will consider 44:14–48:16.

**N.**     **Phil Brown Deposition**

- Defendant object to 52:19–53:17 on the grounds that the testimony is incomplete without 53:18–54:1. The Court **OVERRULES** the objection because 53:18–54:1 is not necessary to avoid a misinterpretation of the testimony.

- Defendant object to 70:21–71:14 on the grounds that the testimony is speculative, is not based on personal knowledge, and is hearsay. The Court **OVERRULES** these objections because the testimony is proper lay witness testimony that is based on the witness's personal knowledge.

25

### O.   <u>Triana Arnold James Deposition</u>[3]

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 38:20–39:2 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 39:16–22 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> Plaintiffs object to 54:6–21 on the grounds that the testimony is not relevant, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias is a fact based on the witness's personal knowledge. The

---

[3] Ms. James is a named Plaintiff in both <u>Pendergrass</u> and <u>Grant</u>.

Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Pendergrass</u> Plaintiffs' rule of completeness argument is **OVERRULED** because 54:22–55:14 relies on hearsay testimony [4] and it is not necessary to avoid a misinterpretation.

- Defendants object to the introduction of 54:22–55:14 on the grounds that subsequent questioning revealed that the testimony is hearsay. <u>Pendergrass</u> and <u>Grant</u> Plaintiffs argued that the testimony demonstrates the witness's state of mind and refutes allegations of bias. The Court **SUSTAINS** the objection. The testimony is not relevant to bias and does not relate to the witness's state of mind at the statement was made. Fed. R. Evid. 803(3).

---

[4] Proposed amendments to Fed. R. Evid. 106 adds the language "[t]he adverse party may [introduce[] all or part of a statement] over a hearsay objection." Fed. R. Evid. 106 (proposed 2023 amendments). However, this proposed amendment is not effective until December 1, 2023, absent Congressional action. <u>Id.</u> Because the text of the Rule, as it currently appears does not have an exception for hearsay statements, the Court finds that the statement cannot be considered because it is hearsay without an exception.

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 57:11–59:4 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

**P.**   **O'Juan Glaze Deposition**

- <u>Pendergrass</u> Plaintiffs object to 33:9–14 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> Plaintiffs object to 34:2–25 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

28

- <u>Pendergrass</u> Plaintiffs object to 50:14–16 on the grounds that the testimony is not relevant, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the relevance and legal conclusion objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Pendergrass</u> Plaintiffs' rule of completeness argument is overruled at to 52:7–53:25, 54:4–20 because these statements are speculative and outside the scope of the witness's knowledge. The rule of completeness objections related to 50:17–52:6, 54:1–3 are **OVERRULED** as moot. <u>See</u> below.

- Defendants object to 50:17–54:20 because the testimony is based on speculation, lack of personal knowledge, hearsay. Additionally, the conclusions regarding the "racial aspects" of policies or policies being "rooted in racism" are argumentative, legal conclusions, and improper lay witness opinions. <u>Pendergrass</u> Plaintiffs respond

arguing that the testimony reflects the witness's personal beliefs based upon his personal knowledge, the questions were not argumentative, and his statements are based upon his perception. The Court **OVERRULES** the objections as it relates to 50:17–52:6, 54:1–4. The Court finds that this testimony is lay witness testimony that is based on the witness's personal knowledge and experiences. The Court finds that there was not sufficient foundation for the testimony in 52:7–53:25 to show that these opinions are based on the witness's personal knowledge. Additionally, the Court finds that determinations about racism and racial motivations are impermissible legal conclusions. Accordingly, the objections are **SUSTAINED** as it relates to 52:7–53:25, 54:4–20.

- <u>Pendergrass</u> Plaintiffs object to 57:6–19 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the

objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

**Q.**     **<u>Coakley Pendergrass Deposition</u>**

- <u>Pendergrass</u> Plaintiffs object to 25:16–27:15 on the grounds that the testimony is not relevant and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Pendergrass</u> Plaintiffs' rule of completeness argument related to 52:18–23 is **OVERRULED** as moot. <u>See</u> below.

- <u>Pendergrass</u> Plaintiffs object to 28:15–20 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

31

- <u>Pendergrass</u> Plaintiffs object to 42:14–21 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- Defendants object to 46:19–47:19 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, hearsay and that the testimony is incomplete without 47:20–48:16. <u>Pendergrass</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The Court **OVERRULES** the speculation objection. The Court finds that this testimony is the witness's opinion and is based on the witness's personal knowledge. The Court **OVERRULES** Defendants' hearsay objection because there is no reference to an out-of-court statement. The Court **OVERRULES** Defendants' rule of completeness argument because the testimony contained in 47:20–48:16 is not necessary to give context or correct a misimpression of the witness's testimony.

32

- Defendants object to 48:17–49:17 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, hearsay, and that the testimony is incomplete without 47:20–48:16. <u>Pendergrass</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The Court **OVERRULES** the speculation objection. The Court finds that this testimony is the witness's opinion and is based on the witness's personal knowledge. The Court **OVERRULES** Defendants' hearsay objection because there is no reference to an out-of-court statement. The Court **OVERRULES** Defendants' rule of completeness argument because the testimony contained in 47:20–48:16 is not necessary to give context or correct a misimpression of the witness's testimony.

- Defendants object to 52:19–54:23 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, hearsay and that the testimony is incomplete without 47:20–48:16. <u>Pendergrass</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The

33

Court **OVERRULES** the speculation objection because this testimony is the witness's opinion that is based on the witness's personal knowledge. The Court **OVERRULES** Defendants' hearsay objection because there is no reference to an out-of-court statement.

R.     **Robert Ray Richards Deposition**

- <u>Pendergrass</u> Plaintiffs object to 44:21–45:2 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> Plaintiffs object to 62:21–63:13 on the grounds that the testimony is not relevant, a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge. <u>Pendergrass</u> Plaintiffs' rule of completeness argument

34

is **OVERRULED** as it relates to 65:5–15 because this testimony is speculative. The Court **OVERRULES** the remainder of the rule of completeness objection related to 64:20–65:4, 65:16–65:25 as moot. See below.

- Defendants object to 64:20–65:25 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, and hearsay. Pendergrass Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. The Court **OVERRULES** the objection with regard to 64:20–65:4, 65:16–25, the Court finds that this testimony is the witness's opinion and is based on the witness's personal knowledge. Defendants' hearsay objection is also overruled because the is no reference to an out-of-court statement. The Court **SUSTAINS** the objection as it relates to 65:5–15 because this testimony is speculative.

**S.** **Jens Ruekert Deposition**

- Pendergrass Plaintiffs object to 29:7–13 on the grounds that the testimony is not relevant and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the

issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant. The Court also **OVERRULES** the rule of completeness objection because <u>Pendergrass</u> Plaintiffs do not alert the Court to which portion of the testimony would need to be included to prevent a misinterpretation.

- <u>Pendergrass</u> Plaintiffs object to 30:10–23 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> Plaintiffs object to 47:11–18 on the grounds that the testimony is not relevant, calls for a legal conclusion, and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the

36

witness's personal knowledge. <u>Pendergrass</u> Plaintiffs' rule of completeness argument is **OVERRULED** because 47:19–48:3 is testimony that is based on information outside of the scope of the witnesses personal knowledge. <u>See</u> below.

- Defendants object to 47:19–48:3 on the grounds that the testimony is speculative, not based on the witness's personal knowledge, and hearsay. <u>Pendergrass</u> Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. It is also argued that the testimony is also not hearsay because it goes to the witnesses state of mind and refutes an allegation of bias. The Court **SUSTAINS** the objection. The Court finds that this testimony is outside of the witness's personal knowledge. The Court also finds that the testimony is based entirely on a news report, which is hearsay. The Court finds that the hearsay exception for state of mind does not apply because the testimony makes no mention of the witness's thoughts on the news report when it occurred. Fed. R. Evid. 803(3). Additionally, the Court finds that this evidence is not pertinent to the witness's bias.

37

- <u>Pendergrass</u> Plaintiffs object to 49:23–50:7 on the grounds that the testimony is not relevant and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

T.   **<u>Erick Allen Deposition</u>**

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 10:14–18 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 16:17–17:8 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **SUSTAINS** the objection, the Court finds that this testimony is not relevant.

38

- <u>Pendergrass</u> and <u>Grant</u> Plaintiffs object to 23:23–24:18 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant.

U.   **Elliot Hennington Deposition**

- <u>Pendergrass</u> Plaintiffs object to 36:23–37:9 on the grounds that the testimony is not relevant and offers incomplete testimony. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant. <u>Pendergrass</u> Plaintiffs' rule of completeness argument related to 71:2–74:1 is **OVERRULED** as moot. <u>See</u> below.

- <u>Pendergrass</u> Plaintiffs object to 37:20–39:5 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objection. The Court finds that this testimony is relevant.

39

- <u>Pendergrass</u> Plaintiffs object to 61:15–62:5 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system, bias, and is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

- <u>Pendergrass</u> Plaintiffs object to 66:21–67:9 on the grounds that the testimony is not relevant, speculative, and calls for a legal conclusion. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias is a fact based on the witness's personal knowledge. The Court **OVERRULES** the objections. The Court finds that this testimony is a relevant lay witness opinion that is based on the witness's personal knowledge.

- Defendants object to 71:2–74:1 on the grounds that the testimony is speculative and is not based on the witness's personal knowledge.

40

Pendergrass Plaintiffs argue that the testimony is based on the witness's personal knowledge, experience, and observations. Pendergrass Plaintiffs also argued that this testimony completes the line of questioning from 36:23–37:9. The Court **OVERRULES** the objections. The Court finds that this testimony is the witness's personal political opinions and is based on the witness's personal knowledge. The Court also finds that it completes the testimony from 36:23–37:9. To the extent that Defendants objection is to preserve their leading question deposition (73:21), that objection is **OVERRULED**, the question was not leading.

## V.    Derrick Jackson Deposition

- Pendergrass and Grant Plaintiffs object to 48:17–19 on the grounds that the testimony is not relevant. Defendants respond arguing that the testimony is relevant to the issue of openness of the election system and bias. The Court **OVERRULES** the objections. The Court finds that this testimony is relevant.

41

**IT IS SO ORDERED** this 30th day of August, 2023.

HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE