IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., et al.,<br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Secretary of State of Georgia,<br>    Defendant. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5337-SCJ |
| COAKLEY PENDERGRASS et al.,<br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER et al.,<br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:21-CV-5339-SCJ |
| ANNIE LOIS GRANT et al.,<br>    Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER et al.,<br>    Defendants. | CIVIL ACTION FILE<br><br>No. 1:22-CV-122-SCJ |

## ORDER

Pendergrass and Grant Plaintiffs filed a Motion for Clarification of the Court's August 24, 2023 Logistics Order. Pendergrass Doc. No. [246], Grant Doc. No. [256]. They seek clarification on (1) whether witnesses who are testifying about two distinct elements can testify at one time instead of having to be recalled, (2) allowing witnesses with scheduling conflicts to testify out of order, and (3) allowing cross-examination evidence to be admitted across all three cases. Pendergrass and Grant Plaintiffs also seek a ruling (1) requiring the parties to exchange demonstrative on the night before it would be presented, (2) approving the Plaintiffs' proposed witness presentation list, and (3) eliciting a witness presentation list from the Defendants. The Court issues the following ruling:

### A.   Witnesses Testifying on Various Elements

Pendergrass and Grant Plaintiffs seek clarification on whether witnesses who are testifying on multiple elements can testify at once and avoid having to be recalled for the later element. This clarification request is **DENIED**. As the Court stated at the August 22, 2023 teleconference, if a witness is testifying about

more than one element, they cannot testify about multiple elements simultaneously.[1]

> I like the idea that you-all have, let's do it in elements. I want the complete element done before we move to the next element. So if you have someone on both witnesses lists but they're testifying for different elements, I don't want them testifying that day until we finish that element.

Grant Doc. No. [255], 7:4–8; Pendergrass [245], 7:4–8. To clarify, if a witness plans to testify about more than one element, they will not be permitted to testify about both elements simultaneously. The witness will complete his or her testimony as to the first element, the Plaintiffs will then present the remaining witnesses for that element, and then the Plaintiffs may recall the witness during the appropriate element.

B.   Calling Witnesses Out-of-Order

Pendergrass and Grant Plaintiffs state that they have various witnesses who have scheduling conflicts during the trial and ask that the Court give the Parties latitude to allow these witnesses to testify out-of-order. Pendergrass and

---

[1] The exception is that the Court will hear testimony regarding the second and third Gingles preconditions simultaneously.

3

Grant Plaintiffs list witnesses who have conflicts on specific trial days. At this time, the Court cannot grant this request. Because the Pendergrass and Grant Plaintiffs have not informed the Court of when they propose that those witnesses testify, the Court has no way to grant the request. Additionally, given that the Motion was filed on the eve of trial, there is insufficient time to receive responsive briefing.

The Court agrees with the Pendergrass and Grant Plaintiffs that it is in the best interest of the Parties and the Court that they be allowed to have all of their witnesses testify; however, given the substance of the Motion before the Court, the Court cannot grant the request. To resolve this request, the Court will have a brief meeting with the Parties before opening statements, where the Parties may propose when they would like to call their witnesses who have scheduling conflicts. Although the Court would like to accommodate those scheduling conflicts, the Court cannot guarantee that any of the requests will be granted.

### C. Cross-Examination of Defendants' Witnesses

Pendergrass and Grant Plaintiffs seek clarification on whether the Parties can designate relevant portions of another Plaintiffs' cross-examination of a

Defense witness for their case. For purposes of judicial efficiency, the Court issues the following clarification.

For purposes of cross-examination, in Defendants' cases-in-chief, the Plaintiffs will cross-examine in the same order that they presented their cases-in-chief. If the subject matter of the cross-examination relates to all three cases, the counsel questioning the witness must clearly state on the Record that they are questioning the witness for all three cases. Additionally, when the questioning relates to one or two sets of Plaintiffs, the counsel questioning the witness must clearly state on the Record that their questioning relates to the specific case(s).

### D. Exchange of Demonstratives and Presentation of Witness Lists

Pendergrass and Grant Plaintiffs request that the Court Order that the Parties exchange demonstratives by 9:00 PM the day before they will be used. They state that Defendants rejected the agreement to exchange demonstratives. The Court **DENIES** this request. The Court will not require that either Party exchange demonstratives the day before the trial.

Pendergrass and Grant Plaintiffs also request that the Court order Defendants to provide Plaintiffs with the order in which they plan to call their witnesses and the scope of the testimony. Defendants, unlike the Plaintiffs, have

5

witnesses and the scope of the testimony. Defendants, unlike the Plaintiffs, have no burden of proof in this case. Thus, the Court also **DENIES** this request.[2]

In emails exchanged between the Parties, Defense counsel stated that he intends to identify witnesses and the witness order for the following day by the evening of each trial day. Pendergrass Doc. No. [246-1], Grant Doc. No. [256-1]. As a courtesy to the Plaintiffs, the Court requests that Defense counsel abide by that representation.

### E. Plaintiffs' Proposed Witness Presentation List

The Court **ACCEPTS** in part and **REJECTS** in part Plaintiffs' proposed presentation list. In its current formulation, the Court will hear expert testimony on the elements of the case and then will hear fact witness testimony as it relates to various elements. As the Court stated during the August 22, 2023 teleconference, "I want to the complete element done before we move to the next element." Grant Doc. No. [255], 7:5–6, Pendergrass Doc. No. [245], 7:5–6. The

---

[2] Although the Court is not requiring Defendants to provide a proposed witness presentation list, the Court will require Defendants to present their cases-in-chief in the same manner as the Plainitffs—first Gingles precondition, followed by the second and third Gingles preconditions, and concluding with the Senate Factors/ Totality of the Circumstances.

Court understands that this differs from the Plaintiffs' agreement; however, the proposed presentation order does not comply with the Court's instructions. To clarify, the Parties will present all expert and fact witnesses on a particular element before they move to the next element. Given the complexities involved in trying the consolidated cases, bifurcating the trial into expert witness testimony and fact witness testimony will only serve to confuse the Record and delay the ultimate ruling in these cases.

## CONCLUSION

The Court issues the following Order to Clarify its August 24, 2023 Order (Alpha Phi Alpha Doc. No. [286]; Pendergrass Doc. No. [236]; Grant Doc. No. [248]). The August 24, 2023 Orders are amended in so far as to comply with this Order.

IT IS SO ORDERED this __31st__ day of August, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE