# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALPHA PHI ALPHA FRATERNITY INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, <br><br> *Defendant.* | CIVIL ACTION <br><br> FILE NO. 1:21-CV-05337-SCJ |
| COAKLEY PENDERGRASS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, <br><br> *Defendant.* | CIVIL ACTION <br><br> FILE NO. 1:21-CV-05339-SCJ |
| ANNIE LOIS GRANT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BRAD RAFFENSPERGER, <br><br> *Defendant.* | CIVIL ACTION <br><br> FILE NO. 1:22-CV-00122-SCJ |

**RESPONSE TO PLAINTIFFS' JOINT MOTION FOR ENTRY OF
REMEDIAL SCHEDULING ORDER**

## INTRODUCTION

In response to Plaintiffs' motion regarding a remedial schedule in the three above-captioned cases, Defendant Secretary of State Brad Raffensperger does not oppose the entry of a remedial scheduling order to evaluate the plans adopted by the Georgia General Assembly in response to this Court's final order. But time is of the essence, as this Court is aware. A slightly edited timeline from that proposed by Plaintiffs should suffice to address those concerns in evaluating the already-adopted and likely-to-be adopted plans.

## ARGUMENT

**I.   This Court's jurisdiction over the remedial process.**

The Secretary has appealed this Court's orders in these redistricting cases. Generally, a district court cannot exercise concurrent jurisdiction while a court of appeals also has jurisdiction. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But in Section 2 cases involving implementation of district plans, district courts frequently proceed with remedies while an appeal is pending when the enjoined jurisdiction has not sought a stay pending appeal, such as in these cases. *See, e.g., Personhuballah v. Alcorn*, 155 F. Supp. 3d 552, 557–58 (E.D. Va. 2016). Thus, the Secretary does not challenge this Court's authority to proceed with considering the plans adopted by the General Assembly while the Secretary's appeals are pending.

## II. Steps necessary to implement a new redistricting plan.

As this Court is well-aware, the process of implementing new districts involves extensive work by county and state officials.[1] That includes county officials allocating voters into districts using a manual process of updating street segment by street segment. *Alpha Phi Alpha Fraternity v. Raffensperger*, 587 F. Supp. 3d 1222, 1322 (N.D. Ga. 2022). Only when that process is complete can the Secretary's office begin building ballots because ballot combinations are not known before that point. *Id.* at 1322-23. Even with the new voter-registration database, the process remains largely the same and those deadlines have not changed from 2022.

To recap some of those deadlines, nomination petitions for independent candidates can begin being circulated on January 11, 2024. O.C.G.A. § 21-2-132(h)(3). The last day to call a special election in conjunction with the May 2024 primary is February 21, 2024. O.C.G.A. § 21-2-540(b). Qualifying then begins on March 4, 2024 at 9:00 a.m. and runs through March 8, 2024 at noon. O.C.G.A. § 21-2-132(d). Meanwhile, county election officials are also administering early voting for the March 12, 2024 Presidential Preference Primary. O.C.G.A. § 21-2-190. UOCAVA ballots then have to be transmitted

---

[1] Given the timeline provided by the Court for this response brief, the Secretary relies on prior testimony and this Court's rulings in these cases. The Secretary will supplement with additional declarations regarding the timeline if needed.

for the May 2024 general primary by April 6, 2024, which means the ballot building must be completed prior to that date. O.C.G.A. § 21-2-384(a); *Alpha Phi Alpha*, 587 F. Supp. 3d at 1323.

Thus, while this Court retained jurisdiction to review the remedial plans, ensuring that election officials, candidates, and voters have certainty regarding the district lines to be used in 2024 as soon as possible is critical for an orderly election process. *Alpha Phi Alpha*, 587 F. Supp. 3d at 1326. Further, a process of remedial district proposals that begins with proposals from Plaintiffs do not make sense given the timelines involved. Because "reapportionment of legislative bodies is 'a legislative task which the federal courts should make every effort not to pre-empt,'" *Larios v. Cox*, 314 F. Supp. 2d 1357, 1359 (N.D. Ga. 2004) (three-judge court) (quoting *Wise v. Lipscomb*, 437 U.S. 535, 539 (1978), this Court must defer to the legislatively drafted plans as far as possible and should immediately engage a special master if the Court finds that is required.

### III. Defendant's proposed schedule.

Given the needs for certainty regarding the districts to be used in the 2024 elections, Defendant proposes that the briefing and hearing take place before the end of 2023. Because Plaintiffs' schedule contemplates a hearing with argument, Defendant proposes that each party submit one filing before that hearing, with the goal of ensuring clarity regarding districts by mid-

3

January. This is necessarily an expedited schedule, but time is of the essence. Thus, Defendant proposes:

- a. Plaintiffs shall file their objections (if any) to the remedial maps enacted by the General Assembly on or before December 15, 2023, including any supporting data, documents, or reports.
- b. Defendant is directed to file his response to any objections, including any supporting data, documents, and reports, no later than December 22, 2023.
- c. If necessary, the Court will set an evidentiary hearing and/or argument to take place December 27 or 28 with only in-person testimony accepted.
- d. In the event that the Court enjoins any of the remedial maps, the Court should immediately appoint a special master and establish a procedure for creating plans.
- e. The Court will ensure that any maps drawn by a special master are finalized no later than January 16, 2024.

## CONCLUSION

The General Assembly acted with dispatch after this Court's ruling. In order to ensure an orderly 2024 election process, this Court should set a short process for review of the plans. While the Secretary is confident the Court will

find the plans fully comply with this Court's order, Defendant requests approval of the proposed expedited schedule.

Respectfully submitted this 6th day of December, 2023.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505
Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580
Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280
**State Law Department**
40 Capitol Square, S.W.
Atlanta, Georgia 30334

*/s/ Bryan P. Tyson*
Bryan P. Tyson
Special Assistant Attorney General
Georgia Bar No. 515411
btyson@taylorenglish.com
Frank B. Strickland
Georgia Bar No. 687600
fstrickland@taylorenglish.com
Bryan F. Jacoutot
Georgia Bar No. 668272
bjacoutot@taylorenglish.com
Diane Festin LaRoss
Georgia Bar No. 430830
dlaross@taylorenglish.com
Donald P. Boyle, Jr.
Georgia Bar No. 073519
dboyle@taylorenglish.com
Daniel H. Weigel
Georgia Bar No. 956419
dweigel@taylorenglish.com

**Taylor English Duma LLP**
1600 Parkwood Circle
Suite 200
Atlanta, GA 30339
Telephone: 678-336-7249

*Counsel for Defendant Secretary of State Brad Raffensperger*

6

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing Response Brief has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/Bryan P. Tyson*
Bryan P. Tyson
